COLEMAN, Judge.
Johnny Anthony Valentine was convicted in a bench trial for driving after Jiaving been declared an habitual offender, fourth offense, in violation of Code § 46.2-357. The sole issue on appeal is whether the trial court erred in excluding Valentine’s evidence concerning his efforts to have his driving privilege *241 restored. Because the trial judge did not abuse his discretion in rejecting the evidence, we affirm Valentine’s conviction.

BACKGROUND

City of Danville Officer J.S. Bucchi testified that at 10:45 p.m. on December 13, 1996, he stopped a truck being driven without its headlights activated. When Bucchi approached the truck and asked the driver for his operator’s license and vehicle registration, the driver handed the officer the vehicle registration and stated that he needed to exit the truck to obtain his driver’s license. The driver stood outside the truck, fumbled through his wallet, and then fled. Bucchi chased the driver but was unable to apprehend .him.
When Bucchi returned to the truck, he found a receipt on the ground. He had not seen the driver drop the receipt. The receipt had the name “Johnny Valentine” written on it. Bucchi examined a photograph of Johnny Valentine from police records, determined that Valentine resembled the driver, and obtained a warrant for Valentine’s arrest. At trial, Bucchi identified Valentine as the driver of the truck and as the person whose photograph he viewed and charged with the violation. Bucchi did not retain the receipt he had found.
Valentine admitted that he was an habitual offender. Defending on the ground that he was not the driver, Valentine presented evidence that the truck was registered to Rudolph Hall. Valentine also testified that he was at home watching television with his sister at the time in question. When Valentine attempted to present evidence about his efforts to have his driving privilege restored, the trial judge sustained the Commonwealth’s relevancy objection. Valentine made a proffer that the excluded evidence would have proven that Valentine retained an attorney in October 1995 to petition for restoration of Valentine’s driving privilege; that the attorney had obtained an order from the trial judge authorizing an evaluation by VASAP; that the attorney had informed Valentine that a hearing had been set for December 3, 1996; and that Valentine was making an effort to pay the fines and court *242 costs necessary to obtain his license reinstatement. Valentine also sought to produce other evidence, including several letters from an attorney advising Valentine that his license restoration petition had been set for hearing and that Valentine needed to pay the outstanding fines and court costs before he could have his driving privilege restored.
After the proffer, the Commonwealth’s attorney stated:
Judge, the only possible relevance that I can see, is I suppose if counsel is trying to say he wouldn’t have done anything to jeopardize his ability to get his license back, then ... then, I will withdraw my objection, but if that’s the case, then I think I’m permitted to go into the substance of his prior convictions, because that certainly jeopardized his ability to get his driving status reinstated.
Valentine claimed the evidence was offered to prove that he had a motive not to risk driving when he was in the process of having his driving privilege restored.
The trial judge ruled that he would take
judicial notice of the [ojrder that [t]he Court entered [making reference to the VASAP evaluation order], and I think that we could stipulate ... I certainly will be willing to consider that he filed for restoration, but I think that’s absolutely irrelevant as far as ... the issues in here are concerned.
Thus, the trial judge took judicial notice of the fact shown by the VASAP order that Valentine had petitioned for restoration and that a VASAP referral had been made, but the trial judge ruled the other proffered evidence inadmissible. As to the weight that the trial judge gave the evidence of Valentine’s having petitioned for his license and the VASAP referral, he held the evidence to be “irrelevant.”
At the conclusion of the evidence, the trial judge convicted Valentine of driving after having been declared an habitual offender.

*243
ANALYSIS

Valentine first contends the Commonwealth conceded that the evidence was relevant, and, therefore, it is barred from asserting on appeal that the evidence was irrelevant or that the trial court’s ruling was harmless error. We disagree.
Although the Commonwealth’s attorney stated at one point that he would withdraw his objection, he did so on the condition he would be able to examine Valentine about his prior convictions. However, the trial judge ruled on the objection and held that he would consider a portion of the evidence and that the balance was irrelevant and inadmissible. Thus, the trial judge did not consider whether the Commonwealth’s attorney conceded relevance or withdrew his objection. Accordingly, the relevance issue raised by the Commonwealth’s attorney’s objection was decided by the trial judge.
Valentine next argues that the excluded evidence was relevant and, therefore, should have been admitted by the trial judge. We disagree.
“The test establishing relevance is not whether the proposed evidence conclusively proves a fact, but whether it has any tendency to establish a fact at issue.” Wise v. Commonwealth, 6 Va.App. 178, 188, 367 S.E.2d 197, 203 (1988) (citing Johnson v. Commonwealth, 2 Va.App. 598, 601, 347 S.E.2d 163, 165 (1986)). “Evidence which bears upon and is pertinent to matters in issue, and which tends to prove [or disprove] the offense, is relevant and should be admitted.” Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986); see Epperly v. Commonwealth, 224 Va. 214, 230, 294 S.E.2d 882, 891 (1982); Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993).
[T]he Virginia Supreme Court has said that relevant evidence is any evidence “which may throw light upon the matter being investigated, and while a single circumstance, standing alone, may appear to be entirely immaterial or irrelevant, it frequently happens that the combined force of many concurrent and related circumstances, each insuffi *244 cient in itself, may lead a reasonable mind irresistibly to a conclusion.”
Hope v. Commonwealth, 10 Va.App. 381, 386, 392 S.E.2d 830, 833 (1990) (en banc) (quoting Peoples v. Commonwealth, 147 Va. 692, 704, 137 S.E. 603, 606 (1927)). However, “[ejvidence of collateral facts is generally inadmissible because it tends to draw away the minds of the jury from the point in issue ... and mislead them.” Haynes v. Commonwealth, 104 Va. 854, 858, 52 S.E. 358, 359 (1905). “The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.” Blain v. Commonwealth, 7 Va.App. 10, 16, 371 S.E.2d 838, 842 (1988) (citing Coe, 231 Va. at 87, 340 S.E.2d at 823).
Valentine offered the driving privilege restoration evidence to rebut or disprove that he was the driver. Valentine testified in his own defense and denied driving. He contends the evidence that he had taken legal and administrative action to have his driving privilege restored tends to prove he had a reason or motive not to drive. This evidence, he asserts, further supports his claim that he was not the driver.
The excluded evidence has no tendency to prove that Valentine was not the driver of the vehicle. Proof of motive to commit an offense is admissible as tending to prove intent. See Robinson v. Commonwealth, 228 Va. 554, 557, 322 S.E.2d 841, 843 (1984). Similarly, lack of motive is generally admissible to prove lack of a reason or intent to commit an offense. See Oliver v. Commonwealth, 151 Va. 533, 543, 145 S.E. 307, 310 (1928); see also People v. Weatherford, 27 Cal.2d 401, 164 P.2d 753, 765 (1945) (en banc). Here, however, the proffered evidence at issue has no logical tendency to prove lack of motive or intent. The evidence does not tend to prove that Valentine had a reason to refrain from driving, or even that he had a reasonable expectation that his driving privilege might be restored in the foreseeable future. The evidence has no more tendency to disprove that he was the driver than his own *245 testimony that he would not have driven because he knew it was illegal and would not want to incur a fine or jail sentence.
To the extent that the proffered evidence arguably had some relevance, the trial judge admitted the evidence that Valentine had petitioned for restoration of his license and that a VASAP evaluation had been ordered. The evidence concerning the correspondence with his attorney and the fact that a trial date may have been set were collateral facts that did not tend to prove that Valentine was not the driver. The trial judge, who heard the case without a jury, did not abuse his discretion in limiting the scope of the evidence concerning Valentine’s efforts to have his driving privilege restored.
Accordingly, we hold that the trial court did not abuse its discretion by rejecting the evidence of collateral facts. The judgment of the trial court is affirmed.

Affirmed.