COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Clements and Beales
Argued at Richmond, Virginia


ROLAND WILLIAMS, JR.
                                                    MEMORANDUM OPINION* BY
v.        Record No. 0901-05-2                      JUDGE RANDOLPH A. BEALES
                                                            MARCH 6, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Pamela S. Baskervill, Judge

Joseph R. Winston, Special Appellate Counsel (Office of the
Appellate Defender, on briefs), for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


        A jury convicted Roland Williams, Jr. (appellant) of armed robbery, pursuant to Code

§ 18.2-58.  On appeal, he contends that the trial court erred when it refused to allow a particular line

of questioning during cross-examination of a Commonwealth's witness.  For the reasons stated

below, we affirm his conviction.

I.  BACKGROUND

        Appellant was charged with robbing a taxi cab driver during the early morning hours of

December 20, 2003.  One of the Commonwealth's witnesses was Garrett Greer, who was with

appellant that morning and in the cab at the time of the robbery.  Before any of the witnesses

testified, appellant made a motion *in limine*, asking the trial court to permit cross-examination of

Greer regarding prior plea agreements that he had reached with prosecutors in other, unrelated

cases.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Appellant's counsel represented to the court that Greer had a "prior history of testifying on behalf of the Commonwealth to work a case out while represented by counsel." Counsel further explained:

> that [Greer's] lawyer actually communicated the fact that he's quite good at this because he has done this before. . . . [T]he fact and the reason that it's relevant to bias in this case and relevant to credibility in this case is because when the facts of the case unfold as I expect them to, it will be very clear that although his testimony is what it is today, that is not the kind of information that he gave when he first was interdicted by the police. . . . The point is that that is a pattern of willingness to work out charges by testifying for the Commonwealth.

The Commonwealth objected to this line of cross-examination, arguing that "an unrelated crime would be highly prejudicial" and "clouds the issue."

The trial court found the "pattern evidence" that appellant wanted to introduce through cross-examination of Greer would "end up trying something that becomes a peripheral issue that I think takes us away from what you're trying to get at . . . and, secondly, I do think it's prejudicial." The court explained that appellant was allowed to ask Greer about his prior convictions and about the plea agreement that he had with the Commonwealth for his testimony against appellant. The trial court then added, "I don't think from what you're telling me there is enough to establish that without unduly prejudicing other aspects of the case."

During the trial, Ulysses Butts, the taxi driver who was robbed, testified that he was dispatched in response to a telephone call requesting a taxi. He positively identified appellant as one of the men who got into his cab and also identified appellant as the man who robbed him. Officer Jerome George testified that he talked to appellant and Greer that morning, in the general area where the robbery occurred, but he did not take either man into custody at that time. The officer then talked to the dispatcher for the taxi company and got the telephone number from

which the call requesting a taxi was made. When he called that telephone number, appellant answered the phone. Appellant admitted to Officer George that he owned the cell phone.[1]

Greer testified that appellant committed the robbery. During cross-examination, Greer admitted he was "in and out of consciousness" and not paying attention while he and appellant were in the taxi. He admitted that he was arrested as a co-conspirator in the robbery and that he had entered a guilty plea pursuant to an agreement with the Commonwealth on reduced charges. The details of the plea agreement were presented to the jury. Greer also admitted that he "kn[e]w how things go" in negotiating deals with the Commonwealth. Appellant's counsel also asked Greer about inconsistencies between his prior written statement to the police and his trial testimony.

Appellant testified that he saw Greer that evening, but claimed he never got into a taxi and did not commit a robbery. He also presented alibi evidence and evidence intended to impeach the credibility of Butts's identification of him.

## II. ANALYSIS

In order to determine whether a trial court erred in refusing to permit a particular line of inquiry, this Court must find in the record a sufficient proffer of the excluded evidence. Owens v. Commonwealth, 147 Va. 624, 630, 136 S.E. 765, 767 (1927) (explaining that a proffer must be sufficient to determine whether the evidence was material or irrelevant). As we explained recently:

> When an appellant claims a trial court abused its discretion in excluding evidence, we cannot competently determine error -- much less reversible error -- without "a proper showing of what that testimony would have been." Holles v. Sunrise Terrace, Inc., 257 Va. 131, 135, 509 S.E.2d 494, 497 (1999). Such a proffer allows us to examine both the "admissibility of the proposed

---

[1] Appellant told the officer that he loaned his cell phone to someone else, but he did not identify the person to whom he allegedly loaned his phone. Appellant testified at trial that he used his cell phone frequently that morning to talk to a woman.

> testimony," and whether, even if admissible, its exclusion "prejudiced" the proffering party. Molina v. Commonwealth, 47 Va. App. 338, 368, 624 S.E.2d 83, 97 (2006) (citations omitted).

Tynes v. Commonwealth, 49 Va. App. 17, 21, 635 S.E.3d 688, 689-90 (2006). We find, from the record presented to us on appeal, appellant's proffer to the trial court was inadequate to determine whether the trial court erred in refusing to allow the cross-examination questions.

A defendant does not have the right to ask anything he desires in cross-examination, even if he believes the line of questioning may illustrate bias or diminish the credibility of the witness. See, e.g., Jackson v. Commonwealth, 266 Va. 423, 438, 587 S.E.2d 532, 543 (2003) (noting that a trial court can limit cross-examination of witnesses); Clark v. Commonwealth, 202 Va. 787, 790, 120 S.E.2d 270, 272 (1961) (holding that evidence of "specific acts of illegal and immoral conduct" were "properly excluded" although Clark argued the acts were relevant to the witness' credibility); Maynard v. Commonwealth, 11 Va. App. 437, 444, 399 S.E.2d 635, 639 (1990) (*en banc*) ("A witness cannot be impeached by evidence of a collateral fact which is not relevant to the issues of the trial, even though to some extent it has a bearing on the issue of credibility."). To find error, this Court must be able to determine whether the evidence was relevant, rather than peripheral, to issues in the case. See Valentine v. Commonwealth, 28 Va. App. 239, 243-44, 503 S.E.2d 798, 800 (1998); Johnson v. Commonwealth, 2 Va. App. 598, 601, 347 S.E.2d 163, 165 (1986). The "bare bones" proffer here does not provide sufficient information for this Court to determine if the line of questioning would have been relevant to bias or credibility, as appellant alleges.

When a trial court limits cross-examination, the affected party must proffer the excluded testimony for the record on appeal. Stewart v. Commonwealth, 10 Va. App. 563, 568, 394 S.E.2d 509, 512 (1990). "The purpose for the proffer 'is to assure that the record will be complete.' Lowery v. Commonwealth, 9 Va. App. 304, 308, 387 S.E.2d 508, 510 (1990)."

<u>Evans v. Commonwealth</u>, 39 Va. App. 229, 236, 572 S.E.2d 481, 484 (2002).  Counsel's

statements regarding the purpose of the excluded testimony are "not sufficient to proffer the

substance of [the] testimony."  <u>Id.</u>

The record here contains only counsel's statement that Greer allegedly was "quite good"

at working out plea agreements "because he has done this before."  This statement does not

disclose the nature of the other cases in which Greer testified for the Commonwealth, the

substance of the agreement(s) that were reached, the number of times Greer testified pursuant to

plea agreements, or how long ago he testified for the Commonwealth.  The proffer presented in

the record does not suggest that Greer obtained any advantage under the earlier plea agreements

when he testified against appellant in this case.[2]  The proffer does not suggest that Greer lied

when he testified for the Commonwealth in accordance with the earlier plea agreements.  The

proffer does not suggest that Greer held any animosity against appellant or bias in favor of the

Commonwealth.

Appellant did not ask to cross-examine Greer outside the jury's presence to put into the

record the answers to his questions.  <u>See id.</u> (noting that a defendant can ask to conduct the

cross-examination out of the presence of the jury to put the answers into the record).  Appellant

did not proffer any expected answers to his questions.  Given the dearth of information in the

record, we cannot determine whether appellant's line of inquiry may have established Greer's

bias or impeached his credibility.

We cannot conclude, based on the proffer presented, that the excluded evidence was

relevant to Greer's credibility or bias, either in favor of the Commonwealth or against appellant.

The excluded evidence, as described by the proffer, was so tangential to any relevant issue that

---

[2] Greer's plea agreement and reduced charges related to this robbery were presented to
the jury in both direct and cross-examination of Greer.

the trial court properly excluded it.  See Hunt v. Commonwealth, 126 Va. 815, 822, 101 S.E. 896, 898 (1920) ("It is true that the general rule is that a witness cannot be impeached by questions with regard to his personal conduct which is not relevant to the case on trial."); see also Maynard, 11 Va. App. at 444, 399 S.E.2d at 639.

In Burrows v. Commonwealth, 17 Va. App. 469, 438 S.E.2d 300 (1993), Burrows made a similar argument regarding prior plea agreements to the trial court.  However, on appeal the argument involved a Brady v. Maryland, 373 U.S. 83 (1963), issue as the prosecutor failed to provided to the defense any information regarding the extensive criminal history of a prosecution witness.  Burrows, 17 Va. App. at 472-73, 438 S.E.2d at 303.  The Court in Burrows, therefore, did not address the question presented here, namely, whether prior testimony pursuant to plea agreements involving unrelated cases is relevant to a witness' credibility.  In addition, the record in Burrows contained a copy of the entire criminal record of the witness, id. at 471-72, 438 S.E.2d at 302-03, and the Commonwealth conceded the information was relevant to the witness' credibility, id. at 473 n.3, 438 S.E.2d at 303 n.3.  This Court's holding in Burrows provides no insight to the issue before us here.

Finally, even without Greer's testimony, the evidence was overwhelmingly against appellant.  See Maynard, 11 Va. App. at 448-51, 399 S.E.2d at 641-43 (discussing constitutional analysis of harmless error and finding the evidence against Maynard was so overwhelming that any error in excluding some cross-examination questions was harmless).  Here, the victim positively identified appellant as the man who robbed him.  The call requesting the taxi came from appellant's phone.  The timing of appellant's alibi testimony certainly did not exclude the possibility that appellant committed the robbery.

## III. CONCLUSION

Appellant did not provide a sufficient proffer for this Court to determine whether the trial court erred in refusing to permit the cross-examination of Greer regarding his past plea agreements.  Therefore, we affirm the conviction.

<u>Affirmed.</u>