UPON A REHEARING EN BANC
BEALES, Judge.
Victoria Elizabeth Dufresne was indicted and tried for robbery. At the conclusion of her bench trial, Dufresne asked the trial court to find her guilty of grand larceny.[1] The trial court convicted Dufresne of grand larceny and sentenced her to five years imprisonment with three years suspended. Du-fresne appealed her conviction for grand larceny to this Court, *647 arguing that the trial court erred in denying her post-trial motion to set aside the verdict. The majority opinion of a divided three-judge panel reversed the judgment of the trial court and remanded the case for further proceedings in the trial court. Dufresne v. Commonwealth, No. 0281-15-2, 2016 WL 486493, 2016 Va. App. LEXIS 38 (Va. Ct. App. Feb. 9, 2016). This Court granted the Commonwealth’s request for a rehearing en banc. Upon rehearing this matter en banc, we hold that Dufresne invited error when she directly asked the trial court to enter a conviction order for grand larceny. Thus, we apply the invited error doctrine and, consequently, affirm the trial court.
I. Background
We consider the evidence on appeal “in the light most favorable to the Commonwealth, as we must since it was the prevailing party” in the trial court. Beasley v. Commonwealth, 60 Va.App. 381, 391, 728 S.E.2d 499, 504 (2012) (quoting Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004)). So viewed, the victim in this case is a quadriplegic confined to a wheelchair or bed whose condition requires twenty-four-hour care. The victim testified that, as of July 9, 2014, he considered Dufresne to have been his friend for the last five years and had even allowed Dufresne to stay at his residence the previous two evenings. On July 9, 2014, Du-fresne offered to help the victim in place of his caregiver — who was scheduled to arrive at 5:00 p.m. At Dufresne’s behest, the victim called his normal caregiver at approximately 4:30 p.m. to tell her not to come that day. Once the victim had spoken to his caregiver, Dufresne left the victim’s home. She later returned with a male friend named Jonathan, whom the victim did not know.
When Dufresne and Jonathan entered the victim’s residence, the victim was lying on a bed. After engaging the victim in a brief conversation, Jonathan took the victim’s phone from him, which had been resting on the victim’s *648 abdomen. The victim begged and pleaded with Dufresne and her friend to return his phone, as it was his sole means of contacting the outside world. After Jonathan had taken the victim’s phone, the victim heard Dufresne ask Jonathan, “What would you like to do? Do you want to finish this?” The victim testified that he was in complete shock, that he was very frightened by Dufresne’s conduct, and that “[a]t that point, [he understood] what was going on.” Dufresne then reached into a pillowcase behind the victim’s head and took the victim’s wallet and some pills. The wallet contained approximately $820 to $345 in cash. The victim testified that he was unable to take any action to stop Dufresne, because of his condition as a quadriplegic, except to push his head back against his pillow, where his wallet and pills were. Before leaving with Jonathan, Dufresne also took the victim’s bed remote control from him, telling the victim that she needed to take it with her “because there might be a help button on there, or a way for you to get in contact.” Dufresne and Jonathan then left the residence. The victim testified that he screamed for help for a long time and that it was approximately five hours before his roommate returned from work and found him.
Dufresne was indicted and tried for robbery. At the conclusion of the Commonwealth’s case-in-chief, Dufresne moved to strike the evidence. During argument, the trial judge asked Dufresne’s counsel, “Is it grand larceny, grand larceny from the person, or is it robbery?” Dufresne’s counsel replied, “The argument would be larceny.” When then asked by the trial court if Dufresne was guilty of grand larceny, her counsel responded, “They prove value with the cash. So yes. I would say that they have met the burden for grand larceny.” The trial court denied the motion to strike.
Dufresne then put on evidence. After Dufresne rested her case and renewed her motion to strike, the trial court entertained closing argument, stating to both counsel, “We are [at] closing arguments now.” The Commonwealth waived its right *649 to speak first, and Dufresne began her closing argument. During that argument, her counsel reiterated that she was renewing her motion to strike.[2] The last substantive statement of Dufresne’s counsel during the closing argument was a specific and direct request for the trial court to find Dufresne guilty of grand larceny (“For these reasons, I’d ask for the charge to be dropped down to grand larceny.”). After Du-fresne asked the trial court to convict her of grand larceny, the Commonwealth continued to strongly argue, “it was a robbery...,” and emphasized that the property Dufresne stole was “taken from his [the victim’s] person or his presence against his will by violence or intimidation.” The trial court found Dufresne guilty of grand larceny. In the written conviction order entered December 9, 2014, the trial court stated that it denied Dufresne’s renewed motion to strike the evidence on the robbery charge.
On January 26, 2015, nearly seven weeks after the entry of the conviction order, Dufresne filed a motion to set aside her conviction for grand larceny. At a hearing held on February 5, 2015, Dufresne argued that grand larceny is not a lesser-included offense of robbery and that the trial court could only properly convict her of petit larceny. The Commonwealth argued in response that Dufresne had invited error when she specifically asked the court at trial to find her guilty of grand larceny. At the hearing, the trial court addressed Dufresne directly and stated, “Your lawyer did a fine job by getting me ... to get you out from under the robbery conviction.” The court denied the motion to set aside the verdict and sentenced Dufresne to five years imprisonment with three years suspended.
*650 II. Analysis
A. Dufresne Invited the Very Error ABOUT WHICH SHE COMPLAINS
Dufresne assigns error to the trial court’s refusal to set aside her conviction for grand larceny and enter a conviction for petit larceny. At the end of her trial, however, Dufresne directly asked the trial court to convict her of grand larceny. In Rowe v. Commonwealth, 277 Va. 495, 675 S.E.2d 161 (2009), the Supreme Court held that “[a] party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory. Nor may a party invite error and then attempt to take advantage of the situation created by his own wrong.” Id. at 502, 675 S.E.2d at 164 (emphasis added) (quoting Cangiano v. LSH Bldg. Co., 271 Va. 171, 181, 623 S.E.2d 889, 895 (2006)).
In this matter, Dufresne invited error and subsequently attempted to take advantage of the situation created by her own wrong. During her combined closing argument and second motion to strike the evidence, Dufresne specifically invited the trial court to convict her of a less serious felony by stating, “I’d ask for the charge to be dropped down to grand larceny.”[3] At the post-trial hearing on Dufresne’s motion to set aside the verdict, she then attempted to take advantage of the situation created by her own wrong by asking the court to set aside her grand larceny conviction and to enter a misdemeanor petit larceny conviction.
*651 The trial court accepted Dufresne’s invitation to find her guilty of grand larceny. Dufresne’s request is, of course, the key to resolving this appeal. Absent an invitation to err, the invited error doctrine does not apply. If not for Dufresne’s specific request that the trial court convict her of grand larceny, the conviction for grand larceny under an unamended indictment for robbery constitutes reversible error.[4] From these facts, there can be no question that Dufresne invited the error that is the subject of this appeal. Only by ignoring the fact that Dufresne specifically asked the trial court to convict her of grand larceny can she reach the conclusions that (1) she did not invite the very error of which she now complains, and (2) that the invited error doctrine does not bar her requested relief on appeal.[5]
Contrary to any characterization of Dufresne’s specific invitation as a mere misstatement or an erroneous concession of law, the record demonstrates that Dufresne never argued that she simply misspoke or made a mistake at trial when she *652 presented the trial court with the option to convict her of grand larceny. In fact, Dufresne’s “explanation” for the error was an inaccurate claim that, “[i]f the Court will recall, we never made a request to have her found guilty of grand larceny. We just kept using the term larceny.” Dufresne later stated at the same hearing that the defense “never specifically brought out in the argument to have this found grand larceny.” As noted above, counsel’s recollection during the motion to set aside the verdict of what Dufresne actually requested in the prior hearing was mistaken because she had, in fact, specifically requested that the trial court convict her of grand larceny.
B. Application of the Invited Error Doctrine
Dufresne argues that the invited error doctrine is applicable only when the error complained of is raised for the first time on appeal. By focusing on timeliness of the objection in the trial court by the party who invited the error, however, Dufresne’s argument would reduce the invited error doctrine to nothing more than a subset of the contemporaneous objection rule of Rule 5A:18. That conclusion is contrary to longstanding Supreme Court precedent where the invited error doctrine was applied in situations, like here, where the party who invited error later raised the issue to the trial court.
In Sullivan v. Commonwealth, 157 Va. 867, 161 S.E. 297 (1931), the defendant was indicted for breaking and entering with intent to maim, disfigure, and kill in violation of then Code Section 4439. Prior to the commencement of the trial, defense counsel moved to require the prosecutor “to elect under which section of the Code of Virginia the accused would be tried.” Id. at 870, 161 S.E. at 297. In response to the defendant’s own motion, the prosecutor elected to proceed under the charge of breaking and entering with intent to commit murder, rape or robbery in violation of then Code Section 4438. The defendant did not object to this election. Id. at 871, 161 S.E. at 297. With the acquiescence of the defendant, the trial proceeded upon the charge that the breaking *653 and entering was committed with intent to commit murder. Id. at 871, 161 S.E. at 297-98.
After an instruction was given to the jury on the charge of breaking and entering with intent to commit murder, rape or robbery, Sullivan objected on the grounds that that instruction was “predicated upon section 4438 of the Code, while the indictment is drawn under section 4439 of the Code, and that the indictment in this case is fatally defective as an indictment under section 4438 of the Code.” Id. at 873, 161 S.E. at 298-99. After the trial, the defendant also moved the trial court to set aside the verdict on the same grounds. The trial court refused the defendant’s request and overruled the motion. On appeal, the Supreme Court stated:
Just why the attorney for the accused moved the court to require the attorney for the Commonwealth to elect under which of the sections he would prosecute the accused does not appear. We shall therefore not speculate as to the motive. Whatever the motive, the same consequences follow. The accused acquiesced in the prosecution for a breaking and entering with intent to commit murder, rape or robbery. That was the charge which he defended and about which he testified. After the evidence had been concluded he should not have been permitted to claim that he could not be prosecuted under section 4438. By this acquiescence he waived the right to make that contention because it was inconsistent with his own motion to require the prosecutor to elect under which section he should be tried. The motion, by necessary implication, conceded the right to try the accused under either section. Though the procedure was so irregular, the accused cannot be allowed to take advantage of an irregularity for which he is directly responsible. He cannot approbate and reprobate — invite error and then take advantage of his own wrong.
Id. at 878, 161 S.E. at 300 (emphasis added).
Both Sullivan and Dufresne were initially indicted for a violation of one statute and subsequently convicted of a violation of a different statute. Sullivan was responsible for the *654 irregularity that resulted from his motion. Even though Sullivan sought to correct the error while the matter was still before the trial court, the Supreme Court applied the invited error doctrine, holding that “the accused cannot be allowed to take advantage of an irregularity for which he is directly responsible.” Id. (emphasis added). In the present case, Dufresne is not merely responsible for the events that culminated in her conviction for grand larceny, she directly asked the trial court to find her guilty of that very offense. Therefore, because the Supreme Court has applied the invited error doctrine in cases where an objection about that error was later made before the trial court, the doctrine applies in this case. See also Fisher v. Commonwealth, 236 Va. 403, 416, 374 S.E.2d 46, 53 (1988) (citing Sullivan with approval, the Supreme Court held that “[n]o litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate— to invite error, as the defense admittedly did here, and then to take advantage of the situation created by his own wrong”).[6]
C. Questions of Prejudice Do Not Alter the Analysis
The dissent relies heavily on its conclusion that the Commonwealth suffered no prejudice as a result of Dufresne’s shifting arguments in the trial court. This analysis is flawed *655 for two reasons. First, the invited error cases referenced by the dissent do not contain a prejudice requirement.[7] Although the dissent correctly notes that many of the prior cases it cites involved situations where a party did suffer prejudice, none of those cases stated that prejudice was required. Because such a requirement is not expressed in the Supreme Court’s previous invited error cases, the dissent’s insistence on that requirement here represents the crafting of a new doctrine as opposed to the simple application of the existing invited error doctrine.
Second, viewing the record in the light most favorable to the Commonwealth, the prevailing party below, the dissent’s conclusion regarding the lack of prejudice is, at best, questionable. The Commonwealth was denied something it was entitled to receive — having the trial court decide whether Dufresne was guilty of robbery or petit larceny.[8] The dissent makes much of the Commonwealth’s decision not to seek to amend the indictment to grand larceny. However, the record reveals that the Commonwealth never asked the trial court to consider a conviction for grand larceny. Instead, the Commonwealth consistently argued throughout the proceedings that the evidence established that “it was a robbery” accomplished “by violence or intimidation.” Such a decision was, in practical effect, a strategic choice by the Commonwealth analogous to a party in a jury trial not seeking instructions based on a lesser-included offense because it would rather have no conviction at *656 all rather than a conviction on the lesser as opposed to the greater offense.[9] The Commonwealth was willing to rely exclusively on the evidence supporting a robbery conviction with the downside risk being that it would be left with just a misdemeanor conviction if the trial court rejected the robbery charge. The merits of such an “all or nothing” strategy aside, the Commonwealth was entitled to see the results of its strategy through to its conclusion. Thus, the Commonwealth was prejudiced when the trial court refused to decide between petit larceny and robbery by accepting Dufresne’s invitation to convict her of grand larceny.
Even if the failure to provide the Commonwealth with a straight up or down decision on the question of robbery versus petit larceny was not, in and of itself, prejudice to the Commonwealth, it is far from clear that, if confined to the appropriate choices, the trial court would not have convicted Du-fresne of robbery. If the trial court would have convicted her of robbery absent Dufresne’s invitation to convict her of grand larceny, then the Commonwealth suffered prejudice.
Viewing the record in the light most favorable to the Commonwealth, it certainly is possible that the trial court would have convicted Dufresne of robbery if confined to the two appropriate choices. Although we cannot know for certain whether or not the trial judge would have convicted Dufresne of robbery, it is sufficiently clear that the trial judge relied on Dufresne’s offer to enter a finding of guilt for grand larceny to terminate the prosecution for robbery. It is also clear that the trial court nearly convicted Dufresne of robbery, as the court stated on the record at the conclusion of the trial that the sufficiency of the evidence required for robbery was “[e]lose.” *657 Faced with the appropriate choice of either robbery or petit larceny, the trial court may well have convicted Dufresne of robbery.
The dissent argues that such a conviction was not a possibility. First, the dissent asserts that Dufresne’s argument that the evidence only supported a larceny conviction was correct and that, as a result, the trial court “acquitted” her of robbery. We disagree with this conclusion and believe, when viewed in the light most favorable to the Commonwealth, the evidence was sufficient to allow a reasonable factfinder to convict Dufresne of robbery. See Harris v. Commonwealth, 3 Va.App. 519, 521, 351 S.E.2d 356, 357 (1986) (in robbery cases, “[t]hreats of violence or bodily harm are not an indispensable ingredient of intimidation. It is only necessary that the victim actually be put in fear of bodily harm by the willful conduct or words of the accused.”).
The dissent asserts that, by convicting Dufresne of grand larceny as opposed to robbery, the trial court implicitly found that the Commonwealth’s evidence was insufficient to allow a reasonable factfinder to conclude that she was guilty of robbery. Specifically, the dissent writes that
the obvious explanation supported by this record for the trial court’s statement to Dufresne that “[y]our lawyer did a fine job by getting me ... to get you out from under the robbery conviction” is simply that the trial court did not agree with the Commonwealth that the element of force, threat or intimidation required for a robbery conviction was proven beyond a reasonable doubt.
Although perhaps a plausible reading of the trial court’s statements from the bench, it is clearly not the only possible reading and certainly is not a reading that results from viewing the record in the light most favorable to the Commonwealth.
Furthermore, the dissent’s conclusion that the trial court implicitly found that the Commonwealth’s evidence was insufficient to establish an element of robbery conflicts with the trial court’s ruling on the motion to strike. The trial court’s *658 'written order denied the motion to strike at the close of all of the evidence.[10] By definition, such a denial is a finding that the Commonwealth’s evidence was sufficient to allow a reasonable factfinder to conclude, beyond a reasonable doubt, that all of the elements of robbery had been proven. As such, the dissent, viewing the record in the light most favorable to the Commonwealth, cannot properly conclude that there is no possibility that the Commonwealth was prejudiced by the trial court’s acceptance of Dufresne’s invitation to convict her of grand larceny.
D. Review of the Trial Court’s Denial of Dufresne’s Motion to Set Aside the Verdict
Dufresne has assigned error to the trial court’s refusal at the post-trial hearing to set aside her conviction for grand larceny. We hold that the trial court did not abuse its discretion when it denied Dufresne’s motion to set aside the verdict.
To be clear, we do not hold today that a litigant shall be forever bound by a mistaken statement of law or fact once the words have left the lips of counsel. Counsel at trial, consistent with professional obligations and the interests of clients, should inform the trial court of his or her mistake and ask the court to correct the invited error. The trial court, having been informed of the error, must then determine if, under the circumstances, it is appropriate to relieve the litigant of the consequences of the invited error.
Whether granting such relief is appropriate necessarily will depend on the facts and circumstances of each case. Issues of potential prejudice, whether the trial court believes the error was invited intentionally, when in the proceeding the error is brought to the trial court’s attention, the amount of time that has passed between the invitation to commit error *659 and the withdrawal of the invitation, the degree to which subsequent proceedings in the trial court were infected by the error, and other factors may properly influence the trial court’s decision of whether or not to relieve a party of the consequences of his or her invitation to commit error. In turn, we then review that decision of the trial court on appeal for an abuse of discretion.[11]
Again, there is no question that the trial court erred in convicting Dufresne of grand larceny.[12] However, we cannot say that the trial court abused its discretion in refusing to allow Dufresne to change her position and to avoid the consequences of her specific invitation to the court to err. Du-fresne’s initial insistence that the trial court convict her of grand larceny as opposed to robbery, the passage of time (nearly seven weeks) from the granting of her request and her bringing the error to the trial court’s attention, our inability from the cold, paper record before us to determine whether the invitation was simply a mistake or an intentional act, and the prejudice — potential or actual — suffered by the Commonwealth are relevant factors that support the trial court’s decision to deny Dufresne’s motion to set aside the verdict. Accordingly, we hold that the trial court did not abuse its *660 discretion when it refused to allow Dufresne to withdraw her invitation.[13]
III. Conclusion
In summary, Dufresne invited the very error in the trial court about which she now complains. In the post-trial motion and on appeal, Dufresne has endeavored to take advantage of the trial court’s acceptance of her invitation to err by asking for a conviction for misdemeanor petit larceny, instead of the conviction for grand larceny that she requested at trial. The trial court was intimately familiar with the record and well-positioned to observe conduct of the parties when it refused to allow Dufresne to change her position and avoid the consequences of her specific invitation to the court to err. Therefore, we hold that the trial court did not abuse its discretion when it held Dufresne to her invited error and, consequently, we affirm the conviction Dufresne requested below.

Affirmed.

. Dufresne has never argued that the evidence failed to establish that she committed the act of grand larceny. Indeed, the evidence proved beyond a reasonable doubt that she stole money and prescription pills valued at well over $200 from the victim.

. The dissent makes much of the fact that Dufresne’s request to be convicted of grand larceny came as part of a renewed motion to strike, asserting that the "sole purpose of a motion to strike the evidence is to assert to the trial court any legal insufficiency in the Commonwealth’s proof....” This ignores that the statement was not simply a part of a renewed motion to strike, but was Dufresne's requested disposition of the case at the very end of her closing argument.

. As Dufresne expressly recognized in her closing argument in the trial court, a conviction for robbery carries with it stiffer potential penalties than one for grand larceny. While both crimes are felonies, robbery is “punishable by confinement in a state correctional facility for life or any term not less than five years.” Code § 18.2-58. Grand larceny is "punishable by imprisonment in a state correctional facility for not less than one nor more than twenty years.” Code § 18.2-95. Thus, Dufresne had potentially much to gain by requesting a conviction for grand larceny, instead of robbery, because twenty years is the absolute maximum sentence for a conviction of grand larceny.

. The trial court clearly committed error in convicting Dufresne of grand larceny. Grand larceny is not a lesser-included offense of robbery, and "[fit is firmly established ... that an accused cannot be convicted of a crime that has not been charged, unless the crime is a lesser-included offense of the crime charged.” Commonwealth v. Dalton, 259 Va. 249, 253, 524 S.E.2d 860, 862 (2000). In the normal course, such error would require reversal. Dufresne’s specific request that she be convicted of grand larceny changes the equation and implicates the doctrine of invited error.

. To be clear, prior to inviting error during her closing argument, Dufresne, in the course of her motion to strike at the conclusion of the Commonwealth’s evidence, had merely conceded that the evidence would have supported a conviction for grand larceny. At trial, when asked by the trial court whether Dufresne was guilty of "grand larceny, grand larceny from the person, or ... robbery,” Dufresne’s counsel responded, "The argument would be larceny." When then asked by the trial court if Dufresne was guilty of grand larceny, her counsel responded, “They prove value with the cash. So yes. I would say that they have met the burden for grand larceny.” These statements or concessions were made in response to questions from the trial judge during the initial motion to strike; however, this Court cannot ignore the fact that Dufresne later, in her closing argument, made a direct request to the trial court to find her guilty of grand larceny, and thus, invited the error about which she complains.

. Recognizing that Sullivan makes clear that the invited error bar can apply even when the issue was raised while the matter was before the trial court, the dissent does its best to distinguish Sullivan from this case. The result is unpersuasive.
Ultimately, the dissent justifies departing from the rationale of Sullivan because it involved a jury trial as opposed to a bench trial, noting that "[bjecause this was a bench trial with the trial court acting as the factfinder, I would hold that Dufresne's motion to set aside the verdict was timely, even though it was made prior to sentencing and almost two months after the trial...." The dissent points to nothing in Virginia case law that even hints that there are different rules for the proper application of the invited error doctrine in jury and bench trials. We decline to endorse such an approach.
The dissent’s analysis is flawed and its conclusion in error largely because it begins from flawed premises and imposes requirements for the application of the invited error doctrine that are not found in existing precedent. These flawed premises lead the dissent away from a straightforward application of the rule of Sullivan.

. The dissent’s reliance on Lofton Ridge, LLC v. Norfolk S. Ry., 268 Va. 377, 601 S.E.2d 648 (2004), is misplaced. Lofton Ridge dealt with the doctrine of judicial estoppel — not the invited error doctrine. In that case, no litigant expressly requested that the trial court take an action and then argued that the trial court erred by giving the litigant exactly what had been requested. As that is the central issue in a case of invited error, Lofton Ridge is inapposite here. Furthermore, the quoted language in the dissent was not part of the Supreme Court’s holding, which was limited to its conclusion that "the doctrine of judicial estoppel will not act as a preclusive bar to the subsequent proceeding unless the parties are the same.” Id. at 383, 601 S.E.2d at 651.

. Dufresne does not contest, even now on appeal, that the evidence established that she was guilty of petit larceny. Accordingly, an acquittal was not a viable third option.

. Although we do not know whether this was actually the Commonwealth’s reasoning, such a reading is possible under the record before us when the record is viewed in the light most favorable to the Commonwealth. Wilkins v. Commonwealth, 64 Va.App. 711, 713, 771 S.E.2d 705, 706 (2015) ("[W]e consider the circumstances in the record in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court.” (internal citation and quotation marks omitted)), aff'd, 292 Va. 2, 786 S.E.2d 156 (2016).

. To the extent that the trial court's statements are read to conflict with the written order, the written order controls. Temple v. Mary Washington Hosp., Inc., 288 Va. 134, 141, 762 S.E.2d 751, 754 (2014) (holding that “trial courts speak only through their written orders”). Thus, the dissent's assertion that Dufresne was "acquitted of” robbery is not supported by the record.

. It is important to recognize that this Court is now reviewing the decision of the trial court not to allow Dufresne to withdraw her invitation to err — and not the underlying error — for an abuse of discretion. It is true that a trial court, by definition, abuses its discretion when it makes an error of law. Porter v. Commonwealth, 276 Va. 203, 260, 661 S.E.2d 415, 445 (2008). In every case involving invited error, the trial court will have abused its discretion in accepting the invitation to err. In cases of invited error, identifying the invited error is the beginning and not the end of the analysis. To hold otherwise and find that the initial error constitutes an abuse of discretion that requires reversal would completely eviscerate the invited error doctrine.

. It is difficult to discern from the record before us why the trial court accepted the invitation to err. However, as noted above, regardless of the reason, it is clear that the trial court erred in convicting Dufresne of a crime for which she was not indicted and that was not a lesser-included offense of the charge levied in the indictment. Dalton, 259 Va. at 253, 524 S.E.2d at 862.

. The dissent suggests that the application of the well-established invited error doctrine to Dufresne's conduct in this case would have serious negative effects on criminal defendants, going so far as to label such effects even "draconian.” First, it asserts that finding Dufresne's argument barred by the invited error doctrine "effectively converts many if not most motions to strike the evidence into the functional equivalent of guilty pleas....” Second, the dissent posits that applying the invited error doctrine in this situation requires concluding that a party’s taking a legal position is “irrevocable and irreversible” once the words leave the lips of her counsel. Neither position survives scrutiny.
A litigant was and remains free to argue during a motion to strike that the evidence might support convictions for offenses other than the crime charged but does not support a conviction for that offense. Such an argument does not in any way implicate the invited error doctrine. Regarding the motion to strike scenario referenced by the dissent, the invited error doctrine only becomes an issue if such arguments are extended to include a specific request to convict for an uncharged crime that is not a lesser-included offense. As noted above, Dufresne did far more than argue in a motion to strike that the evidence might have supported her conviction for crimes other than robbery; she specifically invited the trial court to convict her of grand larceny during her closing argument. It is that specific request and not the rest of her statements that govern the result here.