Humphreys, J.,
dissenting.
The majority has done an excellent job analyzing the issue of whether merely agreeing to the Commonwealth’s suggestion of a trial date tolls the statutory “speedy trial” deadlines of Code § 19.2-243 in the context of our jurisprudence prior to the day oral argument was held in this case. Indeed, prior to our recent decision in Dufresne v. Commonwealth, 66 Va.App. 644, 791 S.E.2d 335 (2016) (en banc), which was decided the day oral argument was heard in this case, I would have concluded that this Court’s decision in Baker v. Commonwealth, 25 Va.App. 19, 24, 486 S.E.2d 111, 114, aff'd en banc, 26 Va.App. 175, 175, 493 S.E.2d 687, 687 (1997), was precisely on point and controlled the disposition of this assignment of *354 error and required reversal and entry of final judgment in favor of Harvey.
This Court held in Baker that “[providing available dates and agreeing to a trial date that is outside the statutory period are not actions constituting a waiver of the statutory speedy trial requirement.” Id. In Baker, defense counsel did not consent to the Commonwealth’s request for a continuance and expressly objected to the continuance. Id. As we stated, “[wjaiver involves an ‘intentional relinquishment or abandonment of a known right or privilege.’ ” Id. (quoting Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)). And, “[wjith respect to fundamental constitutional rights, ‘courts indulge every reasonable presumption against waiver.’ ” Id. at 24-25, 486 S.E.2d at 114 (quoting Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 393, 57 S.Ct. 809, 81 L.Ed. 1177 (1937)). This Court in Baker found that even the action of the defense counsel in providing a list of available court dates, including such dates that were beyond the statutory required five-month period, after the trial court overruled defense counsel’s objection to the continuance “did not waive the defendant’s statutory right to a speedy trial.” Id. at 25, 486 S.E.2d at 114. This Court stated, “[tjhe fact that defense counsel knew that the available trial date was beyond the five-month period is of no consequence. ... [Ajbsent defendant’s request for a continuance or concurrence ... the trial judge has the responsibility to commence the trial within the statutorily specified time....” Id. at 24, 486 S.E.2d at 114.
My colleagues in the majority find that
Given that the trial court noted in its order that appellant objected to the continuance at issue here and given counsel’s continuing objections for the record, we conclude that random “yeses” during the discussion in court that occurred after counsel made her objections, establish that appellant’s counsel has not approbated and reprobated—let alone invited error.
My problem with this statement is that it ignores our standard of appellate review that requires us to interpret inconsisten *355 cies in the record in the light most favorable to the party prevailing below, in this case the Commonwealth. That standard requires that we not simply dismiss what the majority refers to as “random yeses.” The trial court concluded that those “random yeses” were anything but random and, indeed, constituted affirmative acknowledgements that appellant’s counsel concurred in both the Commonwealth’s suggested trial date AND the Commonwealth’s assertion that the suggested trial date was within the speedy trial period required by statute. In the absence of the majority’s de novo fact finding regarding the randomness of counsel for appellant’s responses to the representations of the prosecutor, those responses certainly support the circuit court’s factual conclusion that counsel for appellant was acquiescing in the assertion that the trial date suggested was within the speedy trial period.
In the wake of our broad holding in Dufresne, the inconsistency between the position of counsel reflected in the April 24, 2015 court order that he was not waiving his statutory right to a speedy trial and the responses of counsel for appellant on April 28, 2015 to the effect that counsel agreed that the date suggested by the Commonwealth satisfied the statutory speedy trial requirement implicate both the approbate-repro-bate bar with respect to inconsistent positions taken in the trial court and the invited error doctrine with respect to a waiver of appellate review of that issue. Dufresne, 66 Va.App. at 670 n.19, 791 S.E.2d at 848 n.19.
Although I believe that Dufresne was wrongly decided for the reasons stated in my dissent in that case, it is nevertheless binding precedent and intellectual honesty compels me to conclude that our en banc holding in Dufresne implicitly overrules our en banc judgment in Baker.
The Dufresne majority relied upon our Supreme Court’s decision in Sullivan v. Commonwealth, 157 Va. 867, 161 S.E. 297 (1931), where that Court held that a defendant was bound by his acquiescence in an amendment to the indictment to conclude that “the accused cannot be allowed to take advantage of [any] irregularity for which he is directly responsible.” *356 Dufresne, 66 Va.App. at 654, 791 S.E.2d at 339. I can draw no principled distinction between the analysis of the actions of counsel for Dufresne and counsel for Harvey. In Dnfrpsnp, counsel asserted that the evidence was sufficient for an uncharged crime, mistakenly believing that it was a lesser-included offense, and despite later withdrawing from that erroneous legal position, this Court held that Dufresne was permanently bound by her counsel’s earlier erroneous position. In the present case, counsel for Harvey clearly preserved a speedy trial objection, but nevertheless acquiesced in a trial date suggested by the Commonwealth that the prosecutor asserted and counsel for Harvey agreed, though also mistakenly, was within the speedy trial time limit.
In Dufresne, I observed our decision in that case was so broad that it would have “major adverse consequences for the conduct of future trials” and further that, as a result of our decision in that case, the invited error doctrine “has evolved in a way not contemplated” and will “exacerbate the tensions inherent in the adversary process.” 66 Va.App. at 661, 669, 791 S.E.2d at 343, 347 (Humphreys, J., dissenting).[6] This case illustrates those observations.
Assuring that a defendant in a criminal case receives a speedy trial is the responsibility of the Commonwealth and the circuit court and clearly not the responsibility of the defendant or his counsel. Counsel for a defendant in a criminal case should be able to preserve their client’s legal position while simultaneously working professionally with both the court and opposing counsel to dispose of matters on the docket in an expeditious manner consistent with the law and without waiving any of their client’s procedural rights or protections by doing so. However, as our holding in Dufresne illustrates, that is no longer the case and any error of law suggested or acquiesced in by a defendant or his counsel in the course of a *357 trial, whether correctable in the circuit court or not, will prevent any appellate review of such error and because I cannot find any principled distinction between the draconian holding of Dufresne and the facts of this case, I reluctantly conclude that, by agreeing with the Commonwealth’s factual assertion that the suggested trial date was within the statutory time limit, Harvey acquiesced in the error he now complains of and therefore has waived appellate consideration of that error on appeal. Therefore, I would affirm the judgment of the circuit court.

. The majority notes that "Dufresne cannot be read to create a game of snooker.” However, given the breadth of our holding in that case, in my view snooker is only one of the games Dufresne unfortunately invites litigants to play.