# Richmond

Tom Willie Clark v. Commonwealth of Virginia.

Tom Willie Clark v. Commonwealth of Virginia.

June 12, 1961.

Record Nos. 5259, 5260.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, l'Anson and Carrico, JJ.

The opinion states the case.

*W. R. Broaddus, Jr. (Broaddus, Epperly & Broaddus,* on brief), for plaintiff in error, Tom Willie Clark.

*Frank V. Emmerson, Jr., Assistant Attorney General (A. S. Harrison, Jr., Attorney General,* on brief), for the Commonwealth.

I'Anson, J., delivered the opinion of the court.

The defendant, Tom Willie Clark, was found guilty under two indictments charging him with the unlawful sale of alcoholic beverages in violation of § 4-58, Code of 1950, as amended, and alleging that he had been previously convicted of a number of violations of the Alcoholic Beverage Control Act, pursuant to Code § 4-91. The two cases were heard together by a jury, and his punishment in each case was fixed at confinement in jail for three months and a fine of $200. *Nunc pro tunc* orders, to which there were no objections, were entered, wherein the defendant was sentenced in each case in accordance with the verdicts of the jury. We granted a writ of error and supersedeas in each case.

The defendant assigned as error the refusal of the court (1) to permit him to impeach the credibility of the testimony of the principal witness for the Commonwealth by evidence relating to his alleged illegal and immoral conduct; (2) to instruct the jury on the law applicable to entrapment; and (3) to instruct the jury to disregard certain testimony of the Commonwealth's principal witness and to declare a mistrial.

The second assignment of error was abandoned at the bar of this Court and will not be discussed.

The evidence shows that Harold D. Wright, the principal witness for the Commonwealth, was employed by the city of Martinsville during the months of February and March, 1960, and the State Alcoholic Beverage Control Board for the month of April, 1960, as an undercover agent for the purpose of causing the arrest and conviction of persons engaged in the unlawful sale of alcoholic beverages. On March 31, 1960, and April 9, 1960, Wright made purchases of alcoholic beverages from the defendant at his place of business

in Martinsville and his testimony relating to the two sales was corroborated by Jimmy Pearce, who accompanied him on each occasion.

The defendant denied the sale to Wright on March 31, 1960. He admitted, however, that Wright came to his place of business on April 9, 1960, to get some whiskey and because he "acted so nice" he decided to let him have it, but stated that before he handed the bottle of whiskey to him, Wright grabbed it and ran out of the place of business without paying for it.

The defendant does not question the sufficiency of the evidence to support the convictions.

The defendant's first assignment of error is directed to the refusal of the court to permit him to cross-examine the witness Wright for the purpose of attacking his credibility as a witness and to lay the foundation for his impeachment by introducing evidence relative to (1) his arrest on the charge of operating an automobile while under the influence of whiskey on February 19, 1960; (2) buying a pint of whiskey for a 17-year-old girl; (3) registering at a motel with an unknown woman; and (4) his treatment for a venereal disease shortly after his arrival in Martinsville.

The trial court, for the purpose of the record, permitted counsel, out of the presence of the jury, to cross-examine Wright and to introduce testimony touching on the alleged illegal acts and misconduct.

The rule is well settled in Virginia that a witness cannot be asked on cross-examination questions as to collateral independent facts irrelevant to the issue being tried, though bearing on the question of veracity, for the purpose of testing his credibility and with the view of laying the foundation to contradict him afterwards by calling other witnesses. *Allen* v. *Commonwealth*, 122 Va. 834, 841, 94 S. E. 783, 785; 20 Mich. Jur., Witnesses, § 65, p. 521.

One of the recognized methods of impeaching a witness, in this State as well as elsewhere, is to show his bad general reputation for truth and veracity in the community where he lives or works, or among his neighbors and acquaintances, by witnesses who know that reputation. *Bradley* v. *Commonwealth*, 196 Va. 1126, 1133, 86 S. E. 2d 828, 832; 58 Am. Jur., Witnesses, § 725, p. 391; 20 Mich. Jur., Witnesses, § 64, pp. 519, 520.

The testimony of an impeaching witness must be confined to the general reputation of the witness for truth and veracity and he is not

permitted to testify as to the specific acts of untruthfulness or other bad conduct, though they may have a bearing on veracity. *Bradley v. Commonwealth, supra; Fenner v. Commonwealth,* 152 Va. 1014, 1027, 1028, 148 S. E. 821, 825; *Allen v. Commonwealth, supra.*

The questions asked the witness Wright on cross-examination dealing with his alleged illegal acts and misconduct related to collateral independent specific acts, irrelevant to the issue of whether the defendant had made two illegal sales of whiskey, and the trial court ruled correctly in not permitting the cross-examination. The evidence of the defense witnesses relating to specific acts of illegal and immoral conduct was also properly excluded.

■ Wright had not been convicted of any of the alleged acts of illegal and immoral conduct, which would have been only misdemeanors, and it is not necessary that we consider the admissibility of the evidence of conviction under the long established principle "that the character of a witness for veracity cannot be impeached by proof of a prior conviction of crime unless the crime be a felony, or one which involved moral turpitude or the character of the witness for veracity." *McLane v. Commonwealth,* 202 Va. 197, 203, 116 S. E. 2d 274, 279, 280, and the cases there cited. For admissibility of conviction for drunkenness and related acts, see *Pike v. Eubank,* 197 Va. 692, 700, 90 S. E. 2d 821, 827.

■ The defendant concedes that the above principles have long been the established rules of evidence in Virginia, but he argues that we should make an exception in this case because Wright did not reside in Martinsville prior to his employment as an undercover agent, and that his conduct in the community while acting as a law enforcement officer should be permitted to go to the jury in order that they could properly determine the weight to be given his testimony as a witness. He relies on *Swift v. Commonwealth,* 199 Va. 420, 100 S. E. 2d 9.

In the *Swift* case, *supra,* this Court condemned the conduct of the undercover agents, but the established rules of evidence as to impeachment of witnesses were not involved and there was no suggestion that they should be altered in such cases.

No good reason appears for making an exception to the well recognized rules of evidence in this case, for to do so would defeat the reasons for the rules and lead to confusion in directing the jury's attention to collateral matters and away from the issues of the case. Moreover, there was available to the defendant the right to test

Wright's credibility by showing his general reputation for truth and veracity in Martinsville, where he had resided for more than three months, or in the community in which he formerly resided and at the places of his employment.

The defendant says in his other assignment of error that the court should have instructed the jury to disregard the statement of the witness Wright that the defendant was "in the liquor business," or declare a mistrial.

The statement was improper and should not have been made, but it is not reversible error under the circumstances in which it was made. The record shows that it was made as the result of energetic cross-examination by capable counsel for the defendant who was trying to lay the foundation for the defense of entrapment. The answer was not entirely unresponsive to the question asked, and was a natural defensive reaction of the witness to counsel's attempt to force him into saying he was guilty of entrapping the defendant. The error was invited by the defendant and he cannot here complain. *Hundley* v. *Commonwealth*, 193 Va. 449, 454, 69 S. E. 2d 336, 339; 1 Mich. Jur., Appeal and Error, § 256, p. 674.

Moreover, the defendant relied only on his exception to the failure of the court to declare a mistrial, and no request was made of the court that it instruct the jury to disregard the statement.

For the reasons given, the judgments of the court below in Records Nos. 5259 and 5260 are

*Affirmed.*