COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Elder and Annunziata
Argued at Richmond, Virginia


JAVON LYDELL BOOKER

MEMORANDUM OPINION[*] BY
v. Record No. 2511-00-2          JUDGE ROSEMARIE ANNUNZIATA
                                 JANUARY 15, 2002
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                 Margaret P. Spencer, Judge

        James F. Sumpter for appellant.

        Leah A. Darron, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


    Javon Lydell Booker appeals his convictions, after a jury

trial, for shooting into an occupied vehicle, malicious wounding,

using a firearm in the commission of malicious wounding, and

possession of a firearm by a convicted felon. He contends that

the trial court abused its discretion by refusing to allow

defense counsel to question a Commonwealth's witness about

charges pending against her. For the reasons that follow, we

affirm his convictions.

    On appeal, we view the evidence and all reasonable

inferences that may be drawn therefrom, in the light most

favorable to the Commonwealth, the party prevailing below.

Winckler v. Commonwealth, 32 Va. App. 836, 844, 531 S.E.2d 45, 49

---

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

(2000).  The following facts are relevant to this appeal.

On October 9, 1999, Antonio Winston (Antonio) and Calvin Winston (Calvin) purchased heroin from Javon Lydell Booker and got back into their vehicle.  Booker walked to the vehicle, pulled a chrome automatic handgun from his shirt, held it through the car window to Antonio's head and pulled the trigger.  He ran to the rear of the car and continued to shoot, striking Antonio in the knee and shooting Calvin several times in the back.  Booker fired approximately ten shots, stopping when his gun jammed.  Antonio unequivocally identified Booker as the shooter.

The evening of the shooting, Orriania Harris was standing outside her home across the street from the crime scene.  She saw Booker talking to two men.[1]  After the two men returned to the vehicle, Harris heard shots being fired.  She turned and saw Booker shooting into the back of the vehicle.

Harris identified Booker at the preliminary hearing as the shooter, and testified that she never saw anyone else shoot.  At a bench conference held out of the hearing of the jury, defense counsel proffered his intent to cross-examine Harris about a May 5, 2000 charge against her for possession of cocaine with the intent to distribute.  He contended that the charge affected her

---

[1] Harris knew Booker because he had grown up with her son.

credibility and demonstrated that she dealt drugs in competition with Booker, which provided a motive to falsify her testimony against him.

A preliminary hearing on Harris' charge had not yet been held, and she had not been offered a "deal" in exchange for her testimony. The trial court ruled that because Harris had not been offered a "deal" and because she had not yet been convicted, her pending charge was not admissible and the desired cross-examination was precluded.

Booker contends that the trial court erred in refusing to permit him to question Harris about the charge.[2] We disagree.

---

[2] On appeal, Booker also argues that our ruling in Banks v. Commonwealth entitled him to cross-examine Harris. 16 Va. App. 959, 434 S.E.2d 681 (1993). In Banks, we held that evidence of specific acts of misconduct for which there is no criminal conviction may be admissible if defendant's proffered evidence reasonably demonstrates a strong bias or motive to fabricate. Id. at 963-64, 434 S.E.2d at 683-84. "When, however, an objection is sustained and a party's evidence is ruled inadmissible, as in this case, the party must proffer or avouch the evidence for the record in order to preserve the ruling for appeal; otherwise, the appellate court has no basis to decide whether the evidence was admissible." Lockhart v. Commonwealth, 34 Va. App. 329, 340, 542 S.E.2d 1, 6 (2001) (internal quotation and citation omitted). In Lockhart, the only case considering the Banks exception, we held that we could not review the trial court's rejection of the evidence because the defendant did not proffer "the [witness'] expected response[s] . . . [or] any other evidence from other sources that, if believed, would allow the fact finder to reasonably infer that [the witness] had a motive to falsely implicate [the defendant] . . . ." Id. Moreover, we found that statements by defense counsel were insufficient to provide a basis on appeal for determining the admissibility of the testimony. Id.

In the instant case, as in Lockhart, the proffer consists of an argument by defense counsel without a proffer of the supporting evidence. Booker limited his argument to enunciating his theory that Harris was a competing drug dealer who would falsely testify against him to eliminate the competitive threat he posed. In the alternative, he posited the view that the witness hoped to "strike a deal" with the Commonwealth. But, other than the charge of possession of cocaine with the intent to distribute that had been lodged against the witness, Booker

- 3 -

The appellate courts of Virginia have consistently held that a litigant's right to impeach the credibility of a witness by showing her participation in criminal conduct is limited to questions about convictions. Ramdass v. Commonwealth, 246 Va. 413, 437 S.E.2d 566 (1993), vacated on other grounds, 512 U.S. 1217 (1994); Clark v. Commonwealth, 202 Va. 787, 790, 120 S.E.2d 270, 272 (1961); Smith v. Commonwealth, 155 Va. 1111, 1121, 156 S.E. 577, 581 (1931); Newton v. Commonwealth, 29 Va. App. 433, 449, 512 S.E.2d 846, 853 (1999); Dowell v. Commonwealth, 12 Va. App. 1145, 1147, 408 S.E.2d 263, 264-65 (1991), aff'd on reh'g en banc, 14 Va. App. 58, 414 S.E.2d 440 (1992).  Ignoring this settled principle, Booker alleges that the trial court violated his constitutional right of confrontation.  In Ramdass, the Supreme Court rejected a similar claim:

---

proffered no evidence that would establish either hypothesis he sought to advance.  See Whittaker v. Commonwealth, 217 Va. 966, 969, 234 S.E.2d 79, 81 (1977) (When an objection to a question at trial is sustained, "it [is] incumbent upon the defendant to make the record show the expected answer [to a question]. . . . [This may be] done by avowal of counsel."); see also Toro v. City of Norfolk, 14 Va. App. 244, 253-54, 416 S.E.2d 29, 34-35 (1992) (holding that unchallenged avowal by counsel of the expected testimony is a proper proffer if it demonstrates the relevance of the expected testimony).  In this case, we have no basis for ascertaining the relevance of the testimony counsel hoped to elicit and, thus, no basis for reviewing the claim on appeal. See id.; Lockhart, 34 Va. App. at 340, 542 S.E.2d at 6.

Ramdass contends that the court erroneously restricted his right of cross-examination in refusing to permit impeachment of [adverse witnesses] by questioning their involvement in several unadjudicated crimes.  It is well settled in Virginia that a litigant's right to impeach the credibility of adverse witnesses by showing their participation in criminal conduct has been confined to questions about a conviction for a felony, perjury, and a misdemeanor involving moral turpitude.  This limitation upon a defendant's impeachment rights is a reasonably necessary measure to restrict the scope of a criminal trial. . . . [A]dmission of unadjudicated crimes for purposes of general impeachment of a witness would lead to confusion in directing the jury's attention to collateral matters and away from the issues of the case.

Nevertheless, Ramdass claims that the trial court's adherence to this settled practice violated his confrontation rights under the Sixth Amendment of the United States Constitution and Article I, § 8 of the Virginia Constitution.  He cites no authority to support such an expansive application of these rights, and we have found none.  Accordingly, we conclude that the trial court did not err in this limitation of Ramdass's cross-examination.

246 Va. at 423–24, 437 S.E.2d at 572 (internal quotation and citations omitted).  Bound by this ruling, we reject Booker's claim and affirm the decision of the trial court.

Affirmed.

Elder, J., dissenting.

I would hold appellant made a proffer sufficient to show his entitlement to cross-examine Orriania Harris regarding bias which may have motivated her falsely to identify appellant as the shooter. Therefore, I respectfully dissent.

As we held in Banks v. Commonwealth, 16 Va. App. 959, 434 S.E.2d 681 (1993),

> [t]he right to cross-examine prosecution witnesses to show bias or motivation to fabricate, when not abused, is absolute.
>
> *    *    *    *    *    *    *
>
> Evidence of specific acts of misconduct is generally not admissible in Virginia to impeach a witness' credibility. However, where the evidence . . . is relevant to show that a witness is biased or has a motive to fabricate, it is not collateral and should be admitted. [A]ttempting to introduce evidence of prior misconduct, for which there has been no criminal conviction, to impeach a witness' general character for truthfulness differs from attempting to introduce such evidence to show that a witness is biased or motivated by self-interest in a particular case.

Id. at 962-63, 434 S.E.2d at 683-84 (citations and internal quotation marks omitted). Evidence relating to a point, such as bias, properly at issue in the case is relevant and, therefore, admissible "if it has any logical tendency, however slight, to establish a fact at issue in the case." Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993) (emphasis added); see also Charles E. Friend, The Law of

- 6 -

Evidence in Virginia § 11-1 (5th ed. 1999 & Supp. 2001). A witness' bias, like a defendant's intent, may be proved by circumstantial evidence, such as the witness' conduct and statements. Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 476 (1989); see also Lane v. Commonwealth, 190 Va. 58, 75, 55 S.E.2d 450, 458 (1949) (equating bias with intent in holding admissible evidence that chief prosecution witness had filed civil suit against defendant because "a [criminal] conviction may have been thought favorable to a successful prosecution of the civil action").

The Commonwealth's theory of the case was that the offenses with which appellant was charged occurred when the victims attempted to purchase drugs from him, and one of the victims testified to that effect. The Commonwealth called Harris to testify that she saw appellant shoot into the victims' car, and it asserted in its opening statement that "Harris has nothing to gain or to lose by coming here today. She has no reason to lie to you people. And I think her testimony is probably going to be the most important testimony you'll hear today." (Emphasis added).

When the Commonwealth called Harris to the stand, appellant's counsel proffered that Harris had pending against her a charge for possessing cocaine with an intent to distribute at a location "right across the street" from where the crimes for which appellant was on trial had taken place. This incident

- 7 -

from which Harris' charge stemmed occurred on May 5, 2000, less than seven months after the offenses for which appellant was on trial and less than four weeks before appellant's May 30, 2000 trial. Appellant's counsel expressly asserted that Harris' pending charge "goes tremendously toward" Harris' "motive to make statements against [appellant], the competition."

Further, outside the presence of the jury, appellant offered the testimony of Officer James Hannah. Hannah testified that when he executed a search warrant on Harris' residence on May 5, 2000, he observed Harris attempt to flush approximately 45 "hits of crack cocaine" down the toilet and that these observations provided the basis for the charges pending against her at the time of appellant's trial. Hannah found "no sign of personal use in the house." Appellant herself had previously testified to the jury that she did not use drugs, further supporting appellant's theory that she was a drug dealer rather than a user.

This circumstantial evidence, if admitted for the jury's consideration, would have supported the inference that Harris and appellant both sold drugs in the same neighborhood and that Harris had a motive to testify falsely against appellant in order to reduce or eliminate her competition. Appellant was not required to proffer direct testimony that appellant routinely sold drugs or that Harris actually admitted a desire to eliminate appellant as a competitor before this evidence became

relevant.  Thus, I would reverse appellant's convictions and remand for retrial.