PUBLISHED

## *VIRGINIA:*

*In the Court of Appeals of Virginia on* **Tuesday** *the* **19th** *day of* **June, 2018**.

Raymond Louis Harvey, Jr., Appellant,

against     Record No. 1460-15-3
            Circuit Court Nos. CR14-1774, CR14-1775, CR14-1801 and CR14-1802

Commonwealth of Virginia, Appellee.

From the Circuit Court of the City of Roanoke

In accordance with the unpublished order of this Court entered on June 19, 2018, the opinion previously rendered by this Court on February 21, 2017 is withdrawn, the mandate entered on that date is vacated, and the judgment of the trial court is affirmed.

This order shall be published and certified to the trial court.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:     *original order signed by a deputy clerk of the*
        *Court of Appeals of Virginia at the direction*
        *of the Court*

Deputy Clerk

*VIRGINIA:*

*In the Court of Appeals of Virginia on* **Tuesday** *the* **11th** *day of* **April, 2017**.

Raymond Louis Harvey, Jr.,                                                                     Appellant,

 against        Record No. 1460-15-3
               Circuit Court No. CR14-1774, CR14-1775, CR14-1801 and CR14-1802

Commonwealth of Virginia,                                                                     Appellee.

Upon a Petition for Rehearing

Before Chief Judge Huff, Judges Humphreys, Petty, Beales, Alston,
Chafin, Decker, O'Brien, Russell, AtLee and Malveaux

On March 6, 2017 came the appellee, by the Attorney General of Virginia, and filed a petition requesting that the Court set aside the judgment rendered herein on February 21, 2017, and grant a rehearing *en banc* on the issue(s) raised in the petition.

On consideration whereof and pursuant to Rule 5A:35 of the Rules of the Supreme Court of Virginia, the petition for rehearing *en banc* is granted and the appeal of those issues is reinstated on the docket of this Court. The mandate previously entered herein is stayed pending the decision of the Court *en banc*.

The parties shall file briefs in compliance with the schedule set forth in Rule 5A:35(b). The appellant shall attach as an addendum to the opening brief upon rehearing *en banc* a copy of the opinion previously rendered by the Court in this matter. An electronic version of each brief shall be filed with the Court and served on opposing counsel. In addition, four printed copies of each brief shall be filed. It is further ordered that the appellee shall file an electronic version and four additional copies of the appendix previously filed in this case. [1]

A Copy,
     Teste:

                  Cynthia L. McCoy, Clerk
                  *original order signed by a deputy clerk of the*
     By:   *Court of Appeals of Virginia at the direction*
           *of the Court*

                  Deputy Clerk

---

[1] The guidelines for filing electronic briefs can be found at www.courts.state.va.us/online/vaces/resources/guidelines.pdf.

Present:   Chief Judge Huff, Judges Humphreys and Alston
Argued at Lexington, Virginia

RAYMOND LOUIS HARVEY, JR.

OPINION BY
JUDGE ROSSIE D. ALSTON, JR.
FEBRUARY 21, 2017

v.      Record No. 1460-15-3

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
David B. Carson,[1] Judge

Suzanne Moushegian (Moushegian Law, P.L.L.C., on briefs), for
appellant.

Aaron J. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Raymond Louis Harvey, Jr. (appellant) appeals his convictions for attempted murder in

violation of Code §§ 18.2-32 and 18.2-26, use of a firearm in the commission of attempted

murder in violation of Code § 18.2-53.1, aggravated malicious wounding in violation of Code

§ 18.2-51.2, and use of a firearm in the commission of aggravated malicious wounding in

violation of Code § 18.2-53.1.  Appellant argues that the trial court erred in denying his motion

to dismiss the indictments based on speedy trial violations.  We agree and reverse the decision of

the trial court.

BACKGROUND

On October 14, 2014, appellant was arrested on a felony charge for malicious wounding.

Appellant was directly indicted on November 3, 2014 for attempted murder pursuant to Code

---

[1] Clifford R. Weckstein, Judge Designate, issued the order denying the motion to dismiss
the indictments.

§§ 18.2-32 and 18.2-26, aggravated malicious wounding pursuant to Code § 18.2-51.2, and two counts of use of a firearm in the commission of a felony pursuant to Code § 18.2-53.1. Appellant was served with the indictments on November 5, 2014.

On February 23, 2015, both parties jointly moved for a continuance of the trial date, which was granted. The parties signed the continuance order reasoning that "[b]oth parties need[ed] additional time to review [forensic work] and continue the negotiation process."

Again, on April 23, 2015, within twenty-four hours of the scheduled jury trial, which was scheduled within speedy trial, the Commonwealth orally moved for a continuance due to the absence of a subpoenaed witness, to which appellant strenuously objected. Appellant argued that the Commonwealth had not shown good cause and relied on McElroy v. Commonwealth, 153 Va. 877, 149 S.E. 481 (1929), in arguing that when no affidavits are filed, the trial court may readily deny a continuance motion. Nevertheless, the trial court granted the motion and placed the matter on the docket for rescheduling the following morning.

On April 24, 2015, the case continued on the docket for appellant's motion for bond and further consideration and argument on the Commonwealth's motion to continue, which was granted the day prior. After denying appellant's objection once again, appellant requested, and the trial court found it reasonable, to include within the continuance order that appellant was not waiving his speedy trial rights. The remainder of the hearing focused on appellant's motion for bond, during which the context of an exchange between the Assistant Commonwealth's Attorney, the court, and intermittently appellant's counsel ensued.[2] While discussing the

---

[2] An excerpt of the relevant portions of the hearing follow:

> The following cause came on to be heard before the Honorable David B. Carson, sitting in Circuit Court of the City of Roanoke, Virginia, when the following Proceedings were had:

Commonwealth of Virginia vs. Raymond Louis Harvey, Jr., Case. 14-1774

**THE COURT:**  Good morning everyone.  We are on the record in the matter of The Commonwealth vs. Raymond Louis Harvey. The record should reflect that the Commonwealth is [represented] by counsel Assistant Commonwealth's Attorney Mr. McNeil. [Appellant] is [represented] in person and by his attorney Ms. Timmers.  Counsel I am going to attempt to describe our information at this point and I will ask that you both to pay attention as I proceed along and correct me either during or at the conclusion to make sure we are all on the same page.  This matter was originally set for a jury trial beginning today.  For all the reasons that were placed on the record at hearing that was held yesterday afternoon[,] today's trial was continued at the request of the Commonwealth and heavily objected to by [appellant's counsel] Ms. Timmers for all the reasons stated on the record.  At this time this matter has been rescheduled for a jury trial and at some point in a minute or so I will ask counsel and they can confirm that date.  But it has been rescheduled for a jury trial but the record should reflect that the trial date is specifically subject to [appellant] having an opportunity and it hasn't done a thing to date understandably but specifically subject to [appellant] having an opportunity to both research and potentially secure an expert ballistic witness.  And because no work understandably has been done on that to date[,] it is not known at this time whether the trial date that has been set can be held.  And counsel should be aware that this Court will specifically authorize a continuance at the request of [appellant] if necessary after [appellant] secures[,] if it chooses to do so[,] an expert ballistic witness.  At this point the case having been continued subject to the defense's objection and reset for trial with an allowance for continuance at the defense's request.  The plan at this point is to proceed with the request by [appellant] for a bond and my understanding is [appellant] is ready to proceed with presentation of evidence on their request for a bond and the Commonwealth is not objecting to doing so.  So with all of that having been said let me start with the Commonwealth. Have I accurately stated from the Commonwealth's perspective where we are right now?

**MR. MCNEIL:**  We are Judge.  The trial . . . date is June 12th, 2015 at 9 o'clock.

**THE COURT:**  Alright and Ms. Timmers anything that you would like to add to [the] summary that I just stated.

- 3 -

procedural posture of the case, and the appellant's unequivocal entreaty to have the record

appropriately reflect his distinct speedy trial concerns, the Commonwealth interjected, and the

following conversation ensued:

> [Commonwealth]: Your Honor before we get to[o] far away[,] I appreciate everything that [appellant's counsel] has just said and I don't really . . . I may disturb a little bit but that stands to reason that we have picked a trial date I believe June 12th.
>
> [Appellant]: Yes.
>
> [Commonwealth]: [Counsel] and I both have done the math and that is still within the
>
> [Appellant]: Yes.
>
> [Commonwealth]: The time frame set.
>
> [Appellant]: Yes, yes.
>
> [Commonwealth]: We both agree that that is within the Commonwealth's statutory limit of speedy trial. And that is as the Court has stated there may be need for a further continuance on this case.

The order entered by the trial court on April 24, 2015 read, in pertinent part:

> These matters were originally set for a jury trial [on April 24, 2015], and for all of the reasons that were placed on the record at a hearing on April 23, 2015, today's trial was continued at the

---

> **MS. TIMMERS:** We are here Your Honor if you do not mind to put into the order because this continuance being on the Commonwealth's request that he is not leaving any of the allowable time that's under the statu[t]e. I simply cannot remember the name of the statu[t]e it was 19.2 I think 248 but I can look it up and let you know afterwards but if we could just add the statu[t]e in there that is he is not waiving his speedy trial rights with this continuance.
>
> **THE COURT:** That shall be included in the order. That is a reasonable request and we will do so.

Thereafter, appellant made a motion for bond. The trial court denied appellant's motion.

> request of the Commonwealth, and objected to by [appellant] for all of the reasons as stated on the record.
>
> . . . .
>
> Whereupon . . . the Commonwealth stated the jury trial date is June 12, 2015 at 9:00 a.m.
>
> Whereupon [appellant's counsel] stated that because the continuance is granted at the Commonwealth's request, she is not waiving any of the allowable time under the statute, and requested the [trial c]ourt to include in this Order that [appellant] is not waiving his speedy trial rights with this continuance. The [trial c]ourt stated this will be included in the Order.

On June 5, 2015, appellant filed a motion to dismiss the indictments arguing that he had been denied his right to a speedy trial guaranteed under the Sixth Amendment to the United States Constitution, Article I, Section 8 of the Constitution of the Commonwealth of Virginia, and appellant's statutory right pursuant to Code § 19.2-243. At a hearing on June 9, 2015, before a judge designate[3] of the trial court, the Commonwealth argued that appellant cannot approbate and reprobate, and alternatively, that appellant invited any error because during the April 24, 2015 hearing he took the position that his speedy trial rights were not violated. The Commonwealth further argued that the time between December 1, 2014 and February 24, 2015 was excludable because appellant did not object to setting a new trial on February 24, 2015. The Commonwealth also stated that the period between November 3, 2014 and November 20, 2014 was waived as to speedy trial because during that time appellant requested a court-appointed attorney, the court appointed one for him, and then continued the case to December 1, 2014 for docket call.

---

[3] The Honorable Clifford R. Weckstein, Judge Designate, heard the motion on June 9, 2015. The record is unclear as to why Judge Weckstein was referred to as a "Judge Designate" in the trial transcripts, as he was an active judge of that circuit at that time. It is clear, however, that Judge Weckstein was not the judge who heard the continuance motion on April 24, 2015, and entered the order of April 24, 2015 in which appellant objected based upon speedy trial grounds to the continuance request of the Commonwealth.

Appellant responded that the Commonwealth was using an incorrect assessment of law and that speedy trial began to run as soon as probable cause was found. Thus, according to appellant, "when [appellant] was found with probable cause on [November 3, 2014] it was set over to [December 1, 2014] which is the Court's docket calendar day at which point it was set over to [February 24, 2015] all of [which was] within the statutory period." Further, appellant argued that he does not bear the burden of objecting and invoking his right to speedy trial every time the court sets a trial date.

The trial court replayed the recording from the April 24, 2015 hearing and despite the clear recitations in the order to the contrary, believed that both the Commonwealth and appellant agreed that the new trial date of June 12, 2015 was within speedy trial. Appellant argued that the trial court was taking the discussion out of context, that appellant was simply acknowledging that counsel was *available* on that date, and reiterated that appellant objected to the continuance, invoking his right to speedy trial as evidenced by the clear language in the order. Appellant's counsel stated that she

> was responding yes while [the Commonwealth] was talking.
> Because when he [was] talking and he is trying to make his
> motion, I am saying yes, yes we have agreed to [June 12, 2015].
> That is what I am responding [to]. . . . [Appellant] is in no way
> obligated to make sure that he is tried within his speedy trial rights.
> That's the [obligation of the] government.

Appellant went on to state that it would be wrong to say that solely because appellant agreed to a specific date and that date turned out to be outside of speedy trial, that he waived his constitutional right. The trial court took the matter under advisement.

On June 10, 2015, the trial court[4] issued an order stating that appellant waived any right to assert that the trial scheduled for June 12, 2015 was barred by Code § 19.2-243. The trial court stated that appellant had expressed consent or affirmation, and concurred in setting the new date. The trial court ruled: "No one, not even a criminal defendant, is permitted to approbate and reprobate. The court therefore need not determine whether [appellant] accurately asserts that his statutory speedy trial clock had run out." As such, the trial court denied appellant's motion to dismiss the indictments. Thereafter, appellant filed a motion to nullify the order entered on June 10, 2015 and dismiss the indictments. On June 11, 2015, the trial court issued a memorandum opinion and order denying appellant's motion.

At the conclusion of the jury trial on June 12, 2015, the trial court found appellant guilty of attempted murder, aggravated malicious wounding, and two counts of use of a firearm in the commission of a felony. On August 13, 2015, the trial court imposed the jury's recommended sentence and entered an order, sentencing appellant to forty-five years of incarceration for aggravated malicious wounding, ten years for attempted murder, three years for use of a firearm in the commission of attempted murder, and five years for use of a firearm in the commission of aggravated malicious wounding. This appeal followed.

ANALYSIS

Appellant argues that the trial court erred when it denied his motion to dismiss the indictments against him based on a speedy trial violation holding that

> [b]y the express consent or affirmation of counsel on the record in open court, [appellant] concurred in the setting of these cases on [June 12, 2015], and will not be heard to say otherwise. No one, not even a criminal defendant is permitted to approbate and reprobate. The [trial] court therefore need not determine whether

---

[4] The Honorable Clifford R. Weckstein, Judge Designate, issued this order interpreting the proceedings before the Honorable David B. Carson on April 23, 2015 and April 24, 2015.

[appellant] correctly assert[ed] that his statutory speedy trial clock had run out.

Specifically, appellant argues that he did not agree to the continuance on April 24, 2015, setting the trial on June 12, 2015, and that this objection was noted on the record and in the order dated April 24, 2015. Thus, appellant argues that speedy trial had not tolled from April 24, 2015 to June 12, 2015 and, as a result, when the case went to trial it was outside the five-month speedy trial period. We agree.

In cases involving speedy trial issues, the reviewing court gives "deference to the trial court's findings of fact, but review[s] the trial court's 'statutory interpretations and legal conclusions *de novo*.'" Brown v. Commonwealth, 57 Va. App. 381, 390, 702 S.E.2d 582, 586 (2010) (quoting Sink v. Commonwealth, 28 Va. App. 655, 658, 507 S.E.2d 670, 671 (1998)). "[T]he burden of demonstrating that a delay in commencing trial is excused under Code § 19.2-243 lies upon the Commonwealth." Id. at 389, 702 S.E.2d at 586 (quoting Robinson v. Commonwealth, 28 Va. App. 148, 153, 502 S.E.2d 704, 706 (1998)). The "[p]roper assessment and determination of the merits of a statutory speedy trial claim 'involve a review of the whole record and a consideration of the trial court orders in the context of the record that comes before' the court." Id. at 390-91, 702 S.E.2d at 586 (quoting Baity v. Commonwealth, 16 Va. App. 497, 503, 431 S.E.2d 891, 895 (1993) (*en banc*)). "While most reasons for delay will be documented in records or orders of proceedings prior to the speedy trial hearing, other documentation and the explanation for the delay may become a part of the record for the first time at the speedy trial hearing." Bunton v. Commonwealth, 6 Va. App. 557, 560, 370 S.E.2d 470, 472 (1988).

Moreover, we defer to the trial court in the interpretation of its own orders. Leitao v. Commonwealth, 39 Va. App. 435, 438, 573 S.E.2d 317, 319 (2002) (citing Fredericksburg Constr. Co. v. J.W. Wyne Excavating, 260 Va. 137, 144, 530 S.E.2d 148, 152 (2000); Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 129, 510 S.E.2d 255, 260 (1999)). Indeed, a

- 8 -

trial court's interpretation of its own order will be deferred to on appeal, absent an abuse of discretion.  See Roe v. Commonwealth, 271 Va. 453, 458, 628 S.E.2d 526, 528 (2006).

## I.  Speedy Trial

In Virginia speedy trial is addressed in Code § 19.2-243, which states, in relevant part:

> If there was no preliminary hearing in the district court, or if such preliminary hearing was waived by the accused, the commencement of the running of the five and nine months periods, respectively, set forth in this section, shall be from the date an indictment or presentment is found against the accused.

Virginia courts have consistently held that the burden of demonstrating that a delay in commencing trial is excused under the Code lies solely with the Commonwealth.  See Brown, 57 Va. App. at 389, 702 S.E.2d at 586.

> [I]t is the prosecution which has the responsibility of vindicating society's interests in swift and certain justice; it is the prosecution which has the duty of implementing the constitutional guarantee of a speedy trial; [and] it is the prosecution which has ready access to the data concerning delay attributable to law enforcement personnel and court administrators.

Fowlkes v. Commonwealth, 218 Va. 763, 766-67, 240 S.E.2d 662, 664 (1978).  "A defendant does *not* waive his right to a speedy trial merely because he remains silent or does not demand that a trial date be set within the prescribed period."  Godfrey v. Commonwealth, 227 Va. 460, 463, 317 S.E.2d 781, 783 (1984) (emphasis added) (citing Walker v. Commonwealth, 225 Va. 5, 9, 301 S.E.2d 28, 30 (1983)).

This case presents a situation where appellant's counsel both (1) objected to the Commonwealth's requested continuance, noting that appellant was not then, or ever, waiving his right to speedy trial, but yet (2) affirmed that counsel was *available* for a trial date outside of the statutory speedy trial period.  In McCray v. Commonwealth, 44 Va. App. 334, 342, 605 S.E.2d 291, 295 (2004) (citing Code § 19.2-243), this Court stated that Code § 19.2-243 "makes clear that the actions of either 'the accused *or his counsel*' may constitute a waiver of the accused's

right to invoke the statute's time limitations." In McCray, appellant was arrested on distribution charges for which a plea date was set beyond the five-month period allowed by the speedy trial statute. Id. at 338, 605 S.E.2d at 293. Appellant was subsequently released on his own recognizance, but failed to appear on the scheduled trial date. Roughly four months after appellant was arrested on a capias for his failure to appear, appellant's counsel was offered several dates on which to set the trial, such that it would be set prior to the expiration of speedy trial. Id. at 339, 605 S.E.2d at 293. Appellant's counsel "was not satisfied with any of the two or three dates that were before the speedy-trial date" but agreed to set the trial on July 29, 2003 without mention of the speedy trial statute. Id. After sending a letter and not hearing from appellant, appellant's counsel finally received a call from appellant on July 20, 2003 indicating that he was supposed to be out of jail due to speedy trial, which had run on July 19, 2003, five months after his arrest on the capias. Id. at 339-40, 605 S.E.2d at 293.

This Court held that the testimony regarding appellant's counsel's verbal agreement to set the trial date on July 29, 2003 and the letters confirming such date "served as evidence of appellant's affirmative agreement to a trial date outside the speedy trial time limit and tolled the running of the speedy trial statute." Id. at 346, 605 S.E.2d at 296. In so doing, we stated:

> No requirement exists that a defendant "affirmatively" agree to a date for trial in writing or at a proceeding held on the record or that the trial court memorialize the date selected by entry of an order, as long as the record indicates the defendant agreed to the particular date or was notified of and *took no steps to register an objection to that date*.

Id. at 344, 605 S.E.2d at 295-96 (emphasis added). Far from an affirmative agreement to a trial date outside of the speedy trial time limit, here, there is ample evidence that appellant noted an objection to the continuance on both April 23, 2015 and April 24, 2015, and even asked that his objection, as well as appellant's unwillingness to waive his right to speedy trial, be noted in the court's order. It is sufficient that a party through his written recitations, at the time of the ruling

- 10 -

or order of the court is made, makes known to the court the action which he sought the court to take. Comparable and analytically critical actions were notably absent in McCray. 44 Va. App. at 339, 605 S.E.2d at 293.

Appellant had no responsibility to satisfy the requirements of the speedy trial statute, but nevertheless took steps to ensure that it was clear that he was not waiving his right by the continuance. Even further, when an appellant objects to a continuance, speedy trial is not tolled because it can only be tolled if a "continuance is granted on the motion of the accused or by his concurrence in such a motion by the Commonwealth or by the accused's failure to object to the Commonwealth's motion for a continuance." Code § 19.2-243(4). Since appellant objected to the continuance in this case, the time period between April 24, 2015 and June 12, 2015 did not toll the statutory right to speedy trial. Thus, the trial took place more than five months after the date of the indictments.

By discounting the representation in the trial court's order that appellant was not waiving his right to speedy trial, we find that the trial court abused its discretion in finding that appellant waived his right to a speedy trial.

## II. Issue of Approbate and Reprobate or Invited Error

The Commonwealth argues that while appellant's counsel objected to the motion to continue, "she affirmatively agreed to the June 12, 2015 trial date, and represented that the date was within the permissible speedy trial period." We disagree.

The Supreme Court of Virginia has held that "[a] party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory. Nor may a party invite error and then attempt to take advantage of the situation created by his own wrong." Rowe v. Commonwealth, 277 Va. 495, 502, 675 S.E.2d 161, 164 (2009); see also Dufresne v. Commonwealth, 66 Va. App. 644, 650, 791 S.E.2d

- 11 -

335, 337 (2016) (*en banc*).  The approbate-reprobate bar is analytically different from the invited error doctrine in both its definition and application.  See, e.g., Matthews v. Matthews, 277 Va. 522, 675 S.E.2d 157 (2009); see also Alford v. Commonwealth, 56 Va. App. 706, 696 S.E.2d 266 (2010).  The approbate-reprobate bar allows the opposing party and the courts to rely on the position first taken when one party affirmatively assumes inconsistent legal positions on their own behalf.  See, e.g., Berry v. Klinger, 225 Va. 201, 300 S.E.2d 792 (1983).  Alternatively, the invited error doctrine allows an appellate court to consider errors of law as waived when a party "attempt[s] to take advantage of the situation created by his own wrong."  Cangiano v. LSH Bldg. Co., 271 Va. 171, 181, 623 S.E.2d 889, 895 (2006) (citing Powell v. Commonwealth, 267 Va. 107, 144, 590 S.E.2d 537, 560 (2004); Cohn v. Knowledge Connections, Inc., 266 Va. 362, 367, 585 S.E.2d 578, 581 (2003); Smith v. Settle, 254 Va. 348, 354, 492 S.E.2d 427, 431 (1997); Leech v. Beasley, 203 Va. 955, 961-62, 128 S.E.2d 293, 297-98 (1962)).

On April 24, 2015, during a motion for bond, appellant's counsel stated "yes" several times during a colloquy between the trial court and the Commonwealth in which the Commonwealth interjected that both counsel agreed to *set* the trial on June 12, 2015.  The Commonwealth then stated that the date was within the speedy trial period.  In looking at appellant's counsel's vague and unstructured "yes" representations, it cannot be determined from the record whether appellant's counsel was (1) continuing her discussion with the trial court when the Commonwealth interjected, (2) acknowledging that she was *available* on the new date, or (3) agreeing that the date was in fact within speedy trial if bond was granted for the appellant. What *is* clear from the record is that during that same hearing and concomitantly appellant, through counsel, continuously and strenuously articulated his speedy trial objections, indicated that appellant was, by no means, waiving his right to speedy trial, and underscored his objection through the proposal of language effectuating that objection in the order.  Critically, in speaking

through its orders, Judge Carson explicitly stated in his April 24, 2015 order that appellant was

"not waiving his speedy trial rights with th[e] continuance." Furthermore, this same order made

no mention as to whether there was any agreement that the June 12, 2015 date was within speedy

trial. These circumstances must be viewed as indispensable even under our most deferential

standard of review.

The June 10, 2015 order, entered by Judge Weckstein, denying appellant's motion to

dismiss the indictments, is devoid of any reliable factual determinations. As such, respectfully,

Judge Weckstein was not interpreting facts that were presented before him, but rather, he was

interpreting facts that came before Judge Carson. This interpretation cannot withstand even our

most deferential standard of review because the April 24, 2015 order, which was entered by

Judge Carson who actually heard the matter, speaks for itself, and states:

> Whereupon the Attorney for the Commonwealth stated *the jury trial date is June 12, 2015* at 9:00 a.m. Whereupon the attorney for [appellant] stated that *because the continuance is granted at the Commonwealth's request, she is not waiving any of the allowable time under the statute*, and requested the [trial c]ourt to include in this Order that *[appellant] is not waiving his speedy trial rights with this continuance*. The [trial c]ourt stated this will be included in the Order.

(Emphasis added). The determination that appellant waived his right to assert speedy trial

violations, as Judge Weckstein found, is inconsistent with the April 24, 2015 order and the

record as a whole. Even considering the transcript, on its own, illustrates that when appellant's

counsel stated "yes" several times, the focus of the hearing had already progressed into a motion

for bond.[5] With all due respect, the finding of Judge Weckstein is not supported by the evidence,

and thus, is plainly wrong.

---

[5] Speedy trial considerations differ based upon whether an individual is on bond or not. See Code § 19.2-243. Here, the bond motion was denied.

- 13 -

Moreover, this Court has previously acknowledged exceptions to the procedural bar imposed by the invited error doctrine. In Batts v. Commonwealth, 30 Va. App. 1, 515 S.E.2d 307 (1999), we were faced with a somewhat analogous situation to this case. There, the defendant's attorney acquiesced to a jury instruction causing a judge to improperly instruct a jury that it could sentence beyond the statutory maximum. Id. at 10, 515 S.E.2d at 312. In declining to apply the invited error doctrine, we found:

> Trial counsel agreed to the proposed jury instruction and, thus, became a party to the error he now complains of on appeal. However, his agreement cannot confer the power to impose a sentence greater than that established by the legislature. The penalty exceeded that authorized by statute and, therefore, we hold that the jury was improperly instructed.

Id. at 11, 515 S.E.2d at 312. We did note, however, that the jury's sentence was only void as to the "period greater than that statutorily mandated." Id. at 12 n.5, 515 S.E.2d at 313 n.5. Overall, under the invited error doctrine, a party may not benefit from a voluntary choice regardless of the motivation driving that choice. Moore v. Hinkle, 259 Va. 479, 491, 527 S.E.2d 419, 426 (2000); see also Saunders v. Commonwealth, 211 Va. 399, 400, 177 S.E.2d 637, 638 (1970); Clark v. Commonwealth, 202 Va. 787, 791, 120 S.E.2d 270, 273 (1961); Hundley v. Commonwealth, 193 Va. 449, 454, 69 S.E.2d 336, 339 (1952).

Here, the new trial date went beyond that authorized by the speedy trial statute. Given Batts, even if it was clearer what appellant's counsel's repeated "yes" responses pertained to, it is apparent from the trial court's order that appellant did not waive his right to speedy trial. As such, the statutory issue at hand fits precisely within the exceptions already carved out by this Court. See Alford, 56 Va. App. at 709 n.3, 696 S.E.2d at 268 n.3 (listing the exceptions to the procedural bar imposed by the invited error doctrine: (1) "when the error caused the trial court to go beyond its subject matter jurisdiction" and (2) when a trial court "impose[s] a void sentence in excess of the applicable statutory maximum").

- 14 -

However, factually, this case is not one where a new exception must be carved out. As such, we find that counsel took the steps necessary to register an objection, and even asked the trial court to include in its order that appellant did not waive his right to speedy trial. To hold otherwise would, in essence, give appellant's counsel no choice but to engage in obstreperous (and arguably unethical) behavior and refuse to set a trial date after the trial court, over appellant's objection, granted the Commonwealth's motion to continue. As stated above, the burden is on the Commonwealth and not appellant to accomplish the requirements of the speedy trial statute. The concepts of the approbate-reprobate bar and the invited error doctrine are oftentimes conflated by different courts. See Dufresne, 66 Va. App. at 661 n.14, 670 n.19, 791 S.E.2d at 343 n.14, 348 n.19 (6-5 decision) (Humphreys, J., dissenting). Here, we find that the trial court similarly conflated these concepts. The trial court stated, in its June 10, 2015 order, that "[n]o one, not even a criminal defendant, is permitted to approbate and reprobate." Thus, the trial court found that appellant was bound by his counsel's express consent or affirmation. However, we find that appellant's counsel did not affirmatively assume inconsistent legal positions by selecting a date for trial, and, as stated above, appellant should not be deemed to have acquiesced to a date outside speedy trial especially after objecting to a continuance. Given that the trial court noted in its order that appellant objected to the continuance at issue here and given counsel's continuing objections for the record, we conclude that random "yeses" during the discussion in court that occurred after counsel made her objections, establish that appellant's counsel has not approbated and reprobated--let alone invited error.

We find that neither appellant, nor his counsel, had the intention to waive appellant's speedy trial rights. Dufresne cannot be read to create a game of snooker. And on appellate review approbate and reprobate or invited error cannot provide a so-called factual predicate for blatantly ignoring the precise language of an order. Accordingly, when considering the record in

- 15 -

this case, appellant did not "induce[], encourage[], acquiesce[] in, [or] consent," Dufresne, 66

Va. App. at 661 n.14, 791 S.E.2d at 343 n.14 (6-5 decision) (Humphreys, J., dissenting), to the

June 12, 2015 date as being within speedy trial.

CONCLUSION

We hold that the trial court's denial of appellant's motion to dismiss the indictments was

reversible error. For these reasons, we hold appellant's convictions violated the speedy trial

statute, and we reverse.

Reversed and final judgment.

Humphreys, J., dissenting.

The majority has done an excellent job analyzing the issue of whether merely agreeing to the Commonwealth's suggestion of a trial date tolls the statutory "speedy trial" deadlines of Code § 19.2-243 in the context of our jurisprudence prior to the day oral argument was held in this case. Indeed, prior to our recent decision in Dufresne v. Commonwealth, 66 Va. App. 644, 791 S.E.2d 335 (2016) (*en banc*), which was decided the day oral argument was heard in this case, I would have concluded that this Court's decision in Baker v. Commonwealth, 25 Va. App. 19, 24, 486 S.E.2d 111, 114, aff'd en banc, 26 Va. App. 175, 175, 493 S.E.2d 687, 687 (1997), was precisely on point and controlled the disposition of this assignment of error and required reversal and entry of final judgment in favor of Harvey.

This Court held in Baker that "[p]roviding available dates and agreeing to a trial date that is outside the statutory period are not actions constituting a waiver of the statutory speedy trial requirement." Id. In Baker, defense counsel did not consent to the Commonwealth's request for a continuance and expressly objected to the continuance. Id. As we stated, "[w]aiver involves an 'intentional relinquishment or abandonment of a known right or privilege.'" Id. (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)). And, "[w]ith respect to fundamental constitutional rights, 'courts indulge every reasonable presumption against waiver.'" Id. at 24-25, 486 S.E.2d at 114 (quoting Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 393 (1937)). This Court in Baker found that even the action of the defense counsel in providing a list of available court dates, including such dates that were beyond the statutory required five-month period, after the trial court overruled defense counsel's objection to the continuance "did not waive the defendant's statutory right to a speedy trial." Id. at 25, 486 S.E.2d at 114. This Court stated, "[t]he fact that defense counsel knew that the available trial date was beyond the five-month period is of no consequence. . . . [A]bsent

defendant's request for a continuance or concurrence . . . the trial judge has the responsibility to commence the trial within the statutorily specified time . . . . Id. at 24, 486 S.E.2d at 114.

My colleagues in the majority find that

> Given that the trial court noted in its order that appellant objected to the continuance at issue here and given counsel's continuing objections for the record, we conclude that random "yeses" during the discussion in court that occurred after counsel made her objections, establish that appellant's counsel has not approbated and reprobated--let alone invited error.

My problem with this statement is that it ignores our standard of appellate review that requires us to interpret inconsistencies in the record in the light most favorable to the party prevailing below, in this case the Commonwealth. That standard requires that we not simply dismiss what the majority refers to as "random yeses." The trial court concluded that those "random yeses" were anything but random and, indeed, constituted affirmative acknowledgements that appellant's counsel concurred in both the Commonwealth's suggested trial date AND the Commonwealth's assertion that the suggested trial date was within the speedy trial period required by statute. In the absence of the majority's *de novo* fact finding regarding the randomness of counsel for appellant's responses to the representations of the prosecutor, those responses certainly support the circuit court's factual conclusion that counsel for appellant was acquiescing in the assertion that the trial date suggested was within the speedy trial period.

In the wake of our broad holding in Dufresne, the inconsistency between the position of counsel reflected in the April 24, 2015 court order that he was not waiving his statutory right to a speedy trial and the responses of counsel for appellant on April 23, 2015 to the effect that counsel agreed that the date suggested by the Commonwealth satisfied the statutory speedy trial requirement implicate both the approbate-reprobate bar with respect to inconsistent positions taken in the trial court and the invited error doctrine with respect to a waiver of appellate review of that issue. Dufresne, 66 Va. App. at 670 n.19, 791 S.E.2d at 348 n.19.

Although I believe that <u>Dufresne</u> was wrongly decided for the reasons stated in my dissent in that case, it is nevertheless binding precedent and intellectual honesty compels me to conclude that our *en banc* holding in <u>Dufresne</u> implicitly overrules our *en banc* judgment in <u>Baker</u>.

The <u>Dufresne</u> majority relied upon our Supreme Court's decision in <u>Sullivan v. Commonwealth</u>, 157 Va. 867, 161 S.E. 297 (1931), where that Court held that a defendant was bound by his acquiescence in an amendment to the indictment to conclude that "the accused cannot be allowed to take advantage of [any] irregularity for which he is directly responsible." <u>Dufresne</u>, 66 Va. App. at 654, 791 S.E.2d at 339. I can draw no principled distinction between the analysis of the actions of counsel for Dufresne and counsel for Harvey. In <u>Dufresne</u>, counsel asserted that the evidence was sufficient for an uncharged crime, mistakenly believing that it was a lesser-included offense, and despite later withdrawing from that erroneous legal position, this Court held that Dufresne was permanently bound by her counsel's earlier erroneous position. In the present case, counsel for Harvey clearly preserved a speedy trial objection, but nevertheless acquiesced in a trial date suggested by the Commonwealth that the prosecutor asserted and counsel for Harvey agreed, though also mistakenly, was within the speedy trial time limit.

In <u>Dufresne</u>, I observed our decision in that case was so broad that it would have "major adverse consequences for the conduct of future trials" and further that, as a result of our decision in that case, the invited error doctrine "has evolved in a way not contemplated" and will "exacerbate the tensions inherent in the adversary process." 66 Va. App. at 661, 669, 791 S.E.2d at 343, 347 (Humphreys, J., dissenting).[6] This case illustrates those observations.

Assuring that a defendant in a criminal case receives a speedy trial is the responsibility of the Commonwealth and the circuit court and clearly not the responsibility of the defendant or his

_____

[6] The majority notes that "<u>Dufresne</u> cannot be read to create a game of snooker." However, given the breadth of our holding in that case, in my view snooker is only one of the games <u>Dufresne</u> unfortunately invites litigants to play.

counsel.  Counsel for a defendant in a criminal case should be able to preserve their client's legal position while simultaneously working professionally with both the court and opposing counsel to dispose of matters on the docket in an expeditious manner consistent with the law and without waiving any of their client's procedural rights or protections by doing so.  However, as our holding in <u>Dufresne</u> illustrates, that is no longer the case and *any* error of law suggested or acquiesced in by a defendant or his counsel in the course of a trial, whether correctable in the circuit court or not, will prevent any appellate review of such error and because I cannot find any principled distinction between the draconian holding of <u>Dufresne</u> and the facts of this case, I reluctantly conclude that, by agreeing with the Commonwealth's factual assertion that the suggested trial date was within the statutory time limit, Harvey acquiesced in the error he now complains of and therefore has waived appellate consideration of that error on appeal.  Therefore, I would affirm the judgment of the circuit court.