COURT OF APPEALS OF VIRGINIA

Present: Judges Chaney, White and Senior Judge Annunziata
Argued at Fairfax, Virginia

UNPUBLISHED

YAFET GHEBREYESUS YOHANNES

                                        MEMORANDUM OPINION* BY
v.       Record No. 1748-22-4          JUDGE KIMBERLEY SLAYTON WHITE
                                        JUNE 4, 2024
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Daniel S. Fiore, II, Judge

Adam S. Farr, Assistant Public Defender, for appellant.

Robert D. Bauer, Assistant Attorney General (Jason S. Miyares,
Attorney General; Francis A. Frio, Senior Assistant Attorney
General, on brief), for appellee.


        Before this Court is yet another appeal based upon the application of Code § 19.2-306.1

to a probation violation hearing. Despite the behavior leading to successive probation violation

allegations straddling the effective date of the newly enacted statute, some occurring in 2020 and

some as late as 2022, neither the appellant nor the Commonwealth presented any argument to the

trial court whether the new statute applied. The appellant never argued at trial or in his motion to

reconsider that the new statute applied. In fact, at trial, the appellant requested a sentence to be

imposed that would arguably violate Code § 19.2-306.1, if his violations were found to be a

second technical violation and if the court found that the new section applied. Because his issues

were not preserved for appeal and because the ends of justice exception to Rule 5A:18 does not

apply, we affirm the ruling of the trial court.

_____
        * This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND

On appeal, we review the evidence "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

Upon a guilty plea on October 12, 2016, the trial court convicted Yafet Yohannes of uttering a forged instrument in Arlington County in a case numbered CR16-1811. By order of November 15, 2018, the trial court sentenced Yohannes to two years of imprisonment, all suspended for one year from the sentencing hearing date of October 19, 2018, or his release, whichever occurred later. The trial court also ordered him to complete one year of supervised probation.

By major violation report (MVR) dated October 7, 2019, Yohannes's probation officer alleged that Yohannes had violated Condition 4 of his probation for failing to maintain contact with the officer and Condition 8 for testing positively for marijuana. The report alleged that Yohannes failed to report to probation as instructed a total of seven times and tested positive for marijuana on drug screens. An addendum to the MVR stated that Yohannes had been arrested for two charges of forgery in Prince William County; the offense date for the charges was December 22, 2018. In December 2019, Yohannes was ordered to show cause as to why he was not in violation of the terms of his probation creating case number CR16-1811-01 (01). A bench warrant for Yohannes's arrest on the (01) violation was executed in April 2021. Yohannes appeared in court with counsel on June 15, 2021, for a bond motion. Yohannes was arrested upon the capias but released on bond on June 15, 2021.

- 2 -

By MVR addendum dated July 27, 2021, Yohannes's probation officer stated that he was charged with driving on a revoked or suspended license and failing to appear in court in Stafford County, two counts of obtaining drugs through fraud and failing to appear in court in Fairfax County, and two counts of obtaining drugs through fraud and failing to appear in a Delaware jurisdiction. The Stafford County cases were scheduled for September 1, 2021, the Fairfax County charges were nolle prossed, and the warrant for the Delaware offenses remained active.

At an August 6, 2021 hearing on the probation violation in CR16-1811(01), the trial court continued the matter to August 20, 2021, but ordered that Yohannes's "term of supervised probation be, and it hereby is extended to TWO (2) YEARS from today." On August 20, the trial court continued CR16-1811(01) to November 5, 2021.

At the November 5, 2021 hearing, the trial court found Yohannes in compliance with the terms of his probation and dismissed the CR16-1811(01) probation violation. By order of November 16, 2021, the trial court required Yohannes to "continue on supervised probation under the same terms and conditions of" the November 15, 2018 sentencing order and further required Yohannes, as a special condition, to "undergo a mental health evaluation and successfully enter and complete any treatment or counseling as recommended by" his probation officer. However, the court did not extend probation.

An MVR dated May 4, 2022, alleged that Yohannes had violated his probation by failing to enroll in drug treatment as instructed by his probation officer and for repeatedly testing positive for such drugs as cocaine, fentanyl, opiates, and THC. He tested positive for those same substances on April 28, 2022, and he tested positive for THC on three other occasions and for fentanyl on one other occasion. Yohannes was accused of violating Condition 6, "Fail to follow instructions, be truthful, and cooperative" and Condition 8 not to "Use, possess, distribute controlled substances or paraphernalia." The MVR also alleged that Yohannes repeatedly failed

to enter and complete substance abuse treatment. Following Yohannes's arrest, the trial court assigned the probation violation number CR16-1811(02) and continued the matter to May 20, 2022.

On May 20, 2022, the trial court found Yohannes guilty of the probation violation in CR16-1811(02) but continued the matter for an evaluation for Yohannes's eligibility for the Community Corrections Alternative Program (CCAP). At a July 1, 2022 hearing, the trial court revoked the balance of Yohannes's suspended sentence and resuspended it for two years from his release from CCAP. The trial court restored Yohannes to probation upon the same terms contained in the November 16, 2021 order and also required him to "enter and successfully complete" the CCAP program. Yohannes was to "remain in custody until program entry and said transfer shall be on a bed-to-bed basis."

Notwithstanding the trial court's order that Yohannes remain in jail until his transfer to CCAP, Yohannes was released from the jail by mistake, apparently due to an administrative error. After his release, he did not report to enroll in CCAP. On July 14, 2022, the trial court issued a capias for Yohannes's arrest for the probation violation in failing to comply with the court's order to enter CCAP and assigned the matter CR16-1811(03). The capias was executed on August 2, 2022.

By MVR dated September 1, 2022, Yohannes's probation officer alleged that while Yohannes was awaiting transfer to CCAP, the officer learned that Yohannes apparently traveled to New Jersey without permission in January 2020. The probation officer alleged that Yohannes violated Condition 1 and Condition 10 of probation. Active warrants had been issued in New Jersey for Yohannes's arrest and charged that on January 29, 2020, he committed "two counts of [f]orgery, one count of [o]btaining CDS, and one count [c]riminal [a]ttempt." The probation officer stated that Yohannes was unable to enter CCAP until the New Jersey warrants were

- 4 -

resolved. Based upon Yohannes's "failure to obey all . . . laws" and "chang[ing] residency without permission" in 2020, the trial court entered a rule to show cause for the probation violation and assigned it number CR16-1811(04). The trial court ordered that CR16-1811(04) be docketed with CR16-1811(03) for a hearing scheduled on September 2, 2022.

At the September 2, 2022 hearing, defense counsel moved that Yohannes be granted bond to permit him to be extradited to New Jersey for resolution of the charges there. The trial court disagreed, stating that it would "adjudicate this matter." The trial court stated that it was "back at the 02" (referring to CR16-1811(02)) because Yohannes could not enter CCAP as previously ordered. The trial court then confirmed that the hearing was to "adjudicate the 02" and that they were "back at square one on the 02." However, the (02) violation had been resolved and was not reopened. Defense counsel then argued circumstances in mitigation of Yohannes's punishment, including that he eventually turned himself in following his erroneous release and his desire for drug treatment. Counsel asked the trial court to impose the three months that Yohannes had already served so that he would be released for him to face the charges in New Jersey. Based upon Yohannes's demonstrated substance abuse issues, the trial court instead ordered an evaluation for the ACT Unit[1] and continued the matter. The style of the trial court's continuance order from the September 2, 2022 hearing referred to both CR16-1811(03) and CR16-1811(04).

On September 16, 2022, defense counsel stated that although Yohannes was approved for the ACT Unit, he preferred to enroll in the CCAP program after disposition of the charges in New Jersey. The trial court refused the request, stating, "I'm not releasing him to New Jersey." Without specifying which probation violation it was adjudicating, the trial court ordered

_____

[1] ACT is the "Addictions, Corrections, and Treatment Unit" which is a drug rehabilitation and reentry program based in the Arlington County Detention Facility.

Yohannes to serve the balance of his suspended sentence, which was two years, and closed the case.

Following the September 16, 2022 hearing, the trial court signed three documents pertaining to its disposition of CR16-1811(03) and CR16-1811(04). The first was a standardized form for disposition listing both the (03) and the (04) violations. The form stated that the trial court imposed no time for the (03) violation, but that the "balance [was] imposed" for the (04) violation. The form indicated that the "case [was] closed." On October 18, 2022, the trial court entered a "Violation of Probation" order referencing and disposing of the (04) violation. The order stated that it found Yohannes guilty of the violation, imposed the balance of his remaining sentence, and ordered the case closed. On that same date, the trial court also entered a "Probation Violation Order" in the (03) violation. The order stated that, notwithstanding a finding of guilt of the violation, "time was not imposed in this case as it was imposed in the subsequent case, CR16-1811(04)[.]" The order indicated that the "case . . . hereby is closed."

On December 5, 2022, Yohannes filed a motion to reconsider sentence. In it, counsel again described some of the circumstances surrounding the New Jersey charges. Counsel also noted that, in a letter attached to the motion, Yohannes "accepts responsibility for the violations that led to CR16001811-02 and more importantly acknowledges his drug addiction and the need for treatment." Yohannes asked the court to "reconsider his sentence and suspend the remaining portion of his sentence or order him to complete the ACT program." The court denied the motion to reconsider without a hearing, stating in the order that "the Court has fully considered the entire record, [and] the Court is fully informed of the facts of this case and the reasons for the motion as stated therein[.]"

Yohannes noted his appeal from the trial court's order disposing of the CR16-1811(04) violation.

ANALYSIS

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

"Code § 19.2-306(A) provides the statutory authority for a circuit court to revoke a suspended sentence." *Green v. Commonwealth*, 75 Va. App. 69, 77 (2022). Effective July 1, 2021, however, the General Assembly "amended and reenacted" Code § 19.2-306(C) to provide that "[i]f the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." 2021 Va. Acts Spec. Sess. I ch. 538.

Yohannes contends that the trial court abused its discretion in imposing two years of active incarceration for the (04) violation rather than sentencing him within the limitations of Code § 19.2-306.1 for a second technical violation. Under this first assignment of error, Yohannes is asking this Court to rule on whether Code § 19.2-306.1 applies in this case, or whether the original statutory language of Code § 19.2-306 applies to his probation violation. Recognizing that he did not raise this issue in the trial court, Yohannes asks this Court to invoke the ends of justice exception to Rule 5A:18 and consider the issue. We decline to reach the

merits of this argument because Yohannes has approbated and reprobated causing the ends of justice exception to not apply.[2]

"Under settled principles, a criminal defendant cannot 'approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory. Nor may a party invite error and then attempt to take advantage of the situation created by his own wrong.'" *Alford v. Commonwealth*, 56 Va. App. 706, 709 (2010) (quoting *Rowe v. Commonwealth*, 277 Va. 495, 502 (2009)). "The approbate-reprobate doctrine is broader and more demanding than Rule 5A:18." *Id.* "[T]here is no 'ends of justice' exception to the approbate and reprobate doctrine." *Nelson v. Commonwealth*, 71 Va. App. 397, 405 (2020). Because the purpose of the approbate and reprobate doctrine is to prevent a defendant from "'tak[ing] advantage of the situation created by his own wrong,'" the ends of justice exception does not apply when a defendant "invite[s] the error of which he complain[s]." *Rowe*, 277 Va. at 502-03 (quoting *Cangiano v. LSH Bldg. Co.*, 271 Va. 171, 181 (2006)).

Under the approbate and reprobate bar, a litigant may not "in the course of the same litigation occupy inconsistent positions." *Hurley v. Bennett*, 163 Va. 241, 252 (1934). "The

---

[2] "Code § 19.2-306(A) provides the statutory authority for a circuit court to revoke a suspended sentence." *Green*, 75 Va. App. at 77. Before the change in law, "Code § 19.2-306(C) required a court to revoke the suspended portion of a sentence upon a finding of 'good cause to believe that the defendant ha[d] violated the terms of suspension.'" *Heart* v. *Commonwealth*, 75 Va. App. 453, 461 (2022) (alteration in original) (quoting 2021 Va. Acts Spec. Sess. I ch. 538). "The court was then permitted to 'again suspend all or any part of this sentence.'" *Id.* Effective July 1, 2021, the General Assembly "amended and reenacted" Code § 19.2-306(C) to provide that "[i]f the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." 2021 Va. Acts Spec. Sess. I ch. 538. Newly enacted Code § 19.2-306.1 "creates two tiers of probation violations: (1) technical violations, based on a probationer's failure to do one of ten enumerated actions, and (2) non-technical violations." *Heart*, 75 Va. App. at 466. Yohannes asked this Court to apply the amended statute instead of the original language. However, because Yohannes has waived this issue, this Court does not address the issue of the retroactivity of Code § 19.2-306.1 or address which version of the statute applies.

- 8 -

approbate-reprobate bar allows the opposing party and the courts to rely on the position first taken when one party affirmatively assumes inconsistent legal positions on their own behalf." *Harvey v. Commonwealth*, 67 Va. App. 336, 349 (2017).

Throughout the course of litigation, Yohannes has taken inconsistent and mutually contradictory positions, leading to his argument before this Court being waived. Before this Court, Yohannes argues that the Code § 19.2-306.1 applies in this case. Under this argument, Yohannes is asking to be sentenced to 14 days of active incarceration for his second technical violation. However, while this case was before the lower court, not only was this issue not raised, but Yohannes also directly contradicted it.

The statute "contains specific limitations on sentencing that apply when a circuit court bases its revocation of a suspended sentence on what the statute refers to as certain 'technical violations' enumerated in the statute." *Green*, 75 Va. App. at 75 (quoting Code § 19.2-306.1). For a "first technical violation," a court "shall not impose a sentence of a term of active incarceration." *Henthorne v. Commonwealth*, 76 Va. App. 60, 65 (2022) (quoting Code § 19.2-306.1(C)). For a second technical violation, the court may impose no more than 14 days of active incarceration if the court finds that the defendant "cannot be safely diverted from active incarceration through less restrictive means." Code § 19.2-306.1(C). For a third or subsequent technical violation, "[t]he court may impose whatever sentence might have been originally imposed." *Id.* Additionally,

> [i]f the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, or has violated another condition other than (i) a technical violation or (ii) a good conduct violation that did not result in a criminal conviction, then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended.

Code § 19.2-306.1(B).

Yohannes's (01) violation was dismissed, so it is irrelevant to the analysis of technical violations. Yohannes's (02) violation was for failing to follow the instructions of the probation officer, be truthful and cooperative, and report as instructed, and for failing to refrain from the use, possession, or distribution of controlled substances or related paraphernalia. Both of these are technical violations. Code § 19.2-306.1(A). Code § 19.2-306.1 makes clear that these should be considered together as they were in the same violation report and heard at the same hearing. *Id.* The sentencing guidelines prepared for this violation correctly identified them as a first technical violation. Yohannes's (03) violation was a special condition violation for failing to attend CCAP. Yohannes argues that because (04) would have been only his second technical violation, he should have received the maximum sentence of 14 days under the new statutory rule.

However, as stated above and admitted by Yohannes, this issue was not preserved for appeal. This led Yohannes to ask for this Court to apply the ends of justice exception to Rule 5A:18. However, the ends of justice exception does not apply when the defendant invites the error of which he complains. *Rowe*, 277 Va. at 502-03 (quoting *Cangiano*, 271 Va. at 181). In front of the lower court, Yohannes asked that the judge sentence him to the three months he had already served as well as other sentencing offers. The requested sentence of three months directly contradicts the 14 days of active incarceration that would be proper under Code § 19.2-306.1 for a second technical violation. Allowing Yohannes to argue before this Court that the amended statutory language applies would be allowing him to take advantage of a situation created by his own wrong of waiving his argument.

Instead of asking for the 14-day sentence for a second technical violation in the lower court, Yohannes asked for a three-month sentence or for a fully suspended sentence. This along with a lack of either side in the court below mentioning which iteration of the statute applies to

this case clearly shows that Yohannes has waived argument on the issue. Yohannes has occupied inconsistent positions over the course of this litigation and therefore the approbate and reprobate bar stops the ends of justice exception to Rule 5A:18 from being applied.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*